Richard Mufson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Philadelphia State Hospital, Respondent.

Submitted on briefs December 13, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Mitchell Scott Strutin,* for petitioner.

*Catherine Stewart,* Assistant Counsel, for respondent.

OPINION BY JUDGE BLATT, March 3, 1983:

Richard Mufson (petitioner) appeals from an order of the State Civil Service Commission (Commission) which upheld an action of the Department of Public Welfare (DPW) removing him from his position as Psychiatric Physician I, permanent status, at the Philadelphia State Hospital.

The facts in this matter, as determined by the Commission after hearings, are as follows. The petitioner, as a team leader, was responsible for coordinating the work of nurses, therapists and others in order to bring about effective treatment plans for patients. After several female staff members had complained to his supervisor about the petitioner's profane and abusive language, he was then warned and counseled several times by the supervisor to refrain from harassing co-workers with such language. Subsequently, however, on July 23, 1980, while visiting the office of a female co-worker, he overheard her telephone conversation with a psychiatrist at another institution regarding a patient, and heard her make what he felt was an incorrect statement regarding the diagnosis of the patient in question. At that point, he disrupted the call in a loud and insulting fashion. The female co-worker terminated the call immediately and complained to the petitioner's supervisor. When the supervisor ordered the petitioner to leave the female co-worker alone, the petitioner shouted the supervisor down and informed him that he would not follow such instructions. Later that day, the petitioner went to the aforementioned female co-worker's office, in defiance of his supervisor's instructions, to tell her what he thought of her, and proceeded to assail her with profanity and derogatory remarks about her physical appearance. He then blocked her only exit from her office, and, when she attempted to leave, she fell and sustained a minor injury.[1] The next day, when this female co-worker and another female employee attempted to drive home after work, the petitioner followed them from the parking lot and began using his automobile in a reckless manner so as to harass them.

---

[1] Allegedly the petitioner pushed her back into her desk and she received bruises.

The appointing authority has the burden of going forward with the evidence to establish a prima facie case justifying its removal of an employee for "just cause" under Section 807 of the Civil Service Act (Act).[2] *Lewis v. Department of Health,* 63 Pa. Commonwealth Ct. 148, 437 A.2d 811 (1981). And where, as here, the party with the burden of proof has prevailed below, our scope of review is limited to a determination of whether or not an error of law was committed, constitutional rights were violated, or a necessary finding of fact was unsupported by substantial evidence. *Id.* Furthermore, it is well established that questions of credibility and the weight to be given conflicting evidence is a determination which the Commission, not this Court, must make. *Id.*

The petitioner argues first that the Commission's decision was not based upon substantial evidence in the record and that, even if so based, it does not establish what the law has recognized as "just cause" for removal. Our careful review of the record, however, discloses an overwhelming amount of competent evidence upon which the Commission properly made its findings even though evidence to the contrary was also introduced. As to whether or not, as a matter of law, the removal of the petitioner from his employment was for "just cause," we believe that the facts as found by the Commission establish both insubordination and unacceptable behavior, thereby reflecting adversely upon his ability and competency to execute his duties properly. *Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 279 A.2d 368 (1971). We believe therefore that the facts support the Commission's conclusion that the petitioner was discharged for "just cause" under Section 807 of the Act. *See e.g., Gonzales v. Department of Public Walfare,*

---

[2] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807.

47 Pa. Commonwealth Ct. 588, 408 A.2d 893 (1979) (failure to follow supervisor's instructions); *Rizzo v. Civil Service Commission*, 17 Pa. Commonwealth Ct. 474, 333 A.2d 212 (1975); *Mettee v. Civil Service Commission*, 6 Pa. Commonwealth Ct. 82, 293 A.2d 147 (1972) (insubordination).

The petitioner also argues that he was denied due process of the law in that he did not have adequate notice of the charges against him and a full opportunity to be heard. As to the notice of the charges, it is clear that the removal letter which the petitioner received sufficiently set forth that he was being removed for gross insubordination, specifically, on July 23, 1980 for ignoring his supervisor's directive not to harass the female co-employee referred to, and also stated that his aforementioned conduct on the following day was likewise inappropriate. We believe, that this letter afforded him adequate notice of the charges against him. And, as to his opportunity to be heard, our careful examination of the record indicates that the petitioner was given a full opportunity to be heard regarding all relevant matters concerning the incidents for which he was removed.

We will, therefore, affirm the Commission's order.

ORDER

AND Now, this 3rd day of March, 1983, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.