540 A.2d 1385

## Commonwealth of Pennsylvania, and The Township of Union, Petitioners *v.* James Fee, Respondent.

Argued March 21, 1988, before Judges CRAIG and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Jerome T. Foerster,* Deputy Attorney General, with him, *John G. Knorr, III,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for petitioners.

*Charles M. Means, Markel, Schafer & Means, P.C.,* for respondent.

OPINION BY SENIOR JUDGE NARICK, May 13, 1988:

The matter before us involves an application filed by James Fee (Respondent) to open or vacate judgment. For the reasons set forth herein, Respondent's application is denied.[1]

---

[1] We are aware that Act No. 41, P.L.    was signed by the Governor on March 30, 1988. However, this law does not apply to

Respondent was an elected supervisor of Union Township (Township), a second class township located in Lawrence County, Pennsylvania. On November 19, 1986, the State Ethics Commission (Commission) issued a letter entitled "Order No. 476-R" which indicated that in light of Respondent's request for reconsideration it was the Commission's conclusion that Respondent had received certain hospital insurance coverage during the years 1982 through 1984 in violation of Section 3(a) of the State Ethics Act (Act), Act of October 4, 1978, P.L. 883, *as amended,* 65 P.S. §403(a). The order directed Respondent to remit to the Township $3,156.34 which was the total amount of monies expended by the Township for Respondent's insurance coverage. The order further stated that "This Order is final and will be made available as a public document 15 days after service (defined as mailing) unless you file documentation with the Commission which justifies reconsideration and/or challenges pertinent factual findings . . .". Respondent did not appeal this order.

On August 17, 1987 the Attorney General filed on behalf of the Commonwealth and the Township (Petitioners) (1) a petition for review seeking enforcement of the Commission's November 19, 1986 order and entry of a money judgment in favor of Petitioners and against Respondent and (2) a petition for special and summary relief (in the nature of peremptory judgment). Count I of the petition for review was addressed to this Court's appellate jurisdiction and sought relief in the nature of a judgment in the amount of $3,156.34 against Respondent and also requested that statutory interest and penalties be assessed against Respondent which would require Respondent to pay a total sum of $9,469.02 to the Township. Count II of the petition for review was ad-

---

the instant matter because the factual events of this case occurred before Act No. 41 became effective on March 30, 1988.

dressed to this Court's original jurisdiction and also sought relief in the nature of a judgment against Respondent in the amount of $3,156.34 or $9,469.02. Petitioners' application for special and summary relief asserted that because there are no material issues of fact, Petitioners' right to relief is clear; and therefore, judgment should be entered against Respondent.

On September 29, 1987 the parties met before Senior Judge WILSON BUCHER of this Court to present their positions. At this time, Judge BUCHER granted to Respondent, who was unrepresented by counsel, an extension of time in order to file appropriate responses to Petitioners' requests for relief. On November 13, 1987, Respondent filed a motion to quash Count I of the petition for review, an answer and new matter to the petition for review, and a motion to remove the Township as a party plaintiff. On December 1, 1987, Judge BUCHER issued a memorandum opinion and order which (1) dismissed Petitioners' application for summary relief; (2) granted Respondent's motion to quash Count I of the petition for review addressed to this Court's appellate jurisdiction;[2] (3) denied Respondent's motion to remove the Township as a party plaintiff; and (4) entered judgment in favor of the Commonwealth to the use of the Township and against Respondent in the amount of $3,156.34. Judge BUCHER declined to assess penalties against Respondent. On December 29, 1987, Respondent filed an application to vacate or open judgment.[3]

The issues presented for our resolution can be set forth as follows: (1) whether the Commission has subject

---

[2] Judge BUCHER noted that this was not an appeal of an agency decision but rather a request to enforce an agency determination; and therefore, the matter was not within our appellate jurisdiction.

[3] An appeal had also been filed with the Supreme Court by Respondent, but the Supreme Court has not to our knowledge acted on said appeal.

matter jurisdiction to determine monetary liability; (2) whether the November 19, 1986 order was a final adjudication from which Respondent failed to appeal; (3) whether this Court has authority to enforce Commission decisions, and thereby award judgment in favor of Petitioners; (4) whether the Commonwealth and the Township are proper parties to this matter; and (5) whether this Court erred in entering judgment in favor of Petitioners when Respondent raised numerous issues of fact and law in its answer and new matter, and was never provided with an opportunity for a hearing or trial. We will address these issues *seriatim* keeping in mind that our role here is restricted to a determination of whether Judge BUCHER's entry of judgment against Respondent was proper.

Respondent first argues that the Commission is authorized to act as an investigatory, advisory and recommendatory body but it does not have authority to award money damages or make its investigatory efforts legally binding. It is provided in 51 Pa. Code §2.33 that after conducting an investigation the Commission may: (1) refer the matter to the appropriate law enforcement officer for prosecution; (2) issue an order that the information will be provided for criminal proceedings unless the Respondent removes himself from any conflict of interest or the appearance thereof and to desist in activity which constitutes a conflict or appearance of a conflict of interest; (3) conduct a fact-finding hearing; or (4) close the case and issue an appropriate order with findings and conclusions. In *Yocabet v. State Ethics Commission,* 109 Pa. Commonwealth Ct. 432, 531 A.2d 536 (1987), a Commission order requiring a party to remit compensation he received in violation of the Act was upheld by this Court. Also, in *McCutcheon v. State Ethics Commission,* 77 Pa. Commonwealth Ct. 529, 466 A.2d 283 (1983), this Court upheld a Commission order requiring

two township supervisors to return money received from life annuity policies which they had voted for in violation of the Act or face criminal prosecution. Accordingly, in the matter *sub judice,* the Commission had subject matter jurisdiction to determine Respondent's monetary liability.

The second issue raised by Respondent is that this Court does not have authority to enforce the Commission's decision because the Commission's decision was an invalid adjudication. We disagree with Respondent's contention based upon his failure to exhaust his administrative remedies. The order of November 19, 1986 advised Respondent that he could request reconsideration. However, after the Commission's issuance of this order, Respondent did nothing. In order to preserve his legal rights to complain as to the November 19, 1986 order, Respondent was required to take some sort of action by either requesting reconsideration or a hearing before the Commission. We cannot speculate as to how the Commission would have responded if Respondent had requested further relief from the Commission. By doing nothing, Respondent has lost his right to complain of the Commission's actions.[4] Therefore, this Court may enforce the Commission's decision.[5]

---

[4] *See* 2 Pa. C. S. 701—704 which provides a party dissatisfied with an administrative agency decision the right to appeal said decision. Furthermore, it is well settled that a party must exhaust his administrative remedies before obtaining judicial review. *The Ohio Casualty Group of Insurance v. Argonaut Insurance Co.,* 514 Pa. 430, 525 A.2d 1195 (1987); *Department of Environmental Resources v. Bethlehem Steel Corp.,* 469 Pa. 578, 594 n.28, 367 A.2d 222, 230 n.28 (1976). Here, the November 1986 order specifically informed Respondent he had an administrative remedy. Also, 51 Pa. Code 2.15 provides a party with the right to request reconsideration. Also, we find Respondent's reliance on *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981) misplaced. In *Callahan* the appellant after receiving a letter advising him that

Third, Respondent argues that this Court does not have authority to enforce the Commission's decision. Again, Respondent's argument must be rejected. Count II of the petition for review is a civil action in the nature of a complaint in equity seeking enforcement of the November 19, 1986 order pursuant to this Court's original jurisdiction as set forth in 42 Pa. C. S. 761. Clearly, because we have determined that Respondent failed to exhaust his administrative remedies, the Commission's order may be enforced by this Court.

Respondent next argues that the Commonwealth and the Township are not proper parties to this action. More specifically, Respondent contends that the Commonwealth has not proven any right, title, or interest in the alleged debt owed by Respondent to the Township; therefore, it is not a proper party to this cause of action. As to the Township, Respondent argues that the Township did not authorize its participation in the action nor did it authorize the Attorney General to appear on its behalf. While we agree the Commonwealth has no right, title, or interest in the monies owed by Respondent to the Township, for the reasons which follow, we believe the Attorney General did have the authority to seek reimbursement from Respondent for the Township.

The Commission, after conducting an investigation, may refer the matter to the appropriate law enforce-

---

all benefits he had been receiving pursuant to the "Heart and Lung Act" would be terminated, requested a hearing. But, without being afforded the requested hearing, appellant's benefits were terminated. Here, after the Commission's issuance of the November 19, 1986 order, Respondent took no action whatsoever in order to contest the Commission's actions.

[5] Respondent refers to a May 2, 1986 order of the Commission. A copy of that order is attached to Respondent's brief but was never submitted into evidence. Therefore, we will not consider it.

ment officer for prosecution, 51 Pa. Code 2.33(4)(i). Section 402(2) of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, *as amended,* 71 P.S. 732-402(2) provides that the chief counsel of an independent agency may request the assistance of the Attorney General in *any matter involving the agency.*[6] It is further provided in Section 204(c) of the Commonwealth Attorneys Act, 71 P.S. 732-204(c) that "The Attorney General shall represent the Commonwealth and all Commonwealth agencies . . . in any action brought by or against the Commonwealth or its agencies, . . .".

In the present matter, the Commission after issuance of its November 19, 1986 order referred the matter to the Office of Attorney General and the Attorney General thereafter initiated a cause of action against Respondent. The verification on the petition for review was signed by a Township supervisor. Therefore, based upon our review of the law and the facts before us, it is clear that the Attorney General did have authority to institute a cause of action seeking reimbursement from Respondent for the Township.

Respondent's final argument is that this Court erred in entering judgment in favor of Petitioners when numerous issues of fact and law were raised by Respondent in his answer and new matter; and also because Respondent was never provided with an opportunity for a hearing or trial. We believe this argument is without merit. If dissatisfied with the Commission's actions, Respondent's proper recourse in order to preserve his right to appeal was to exhaust his administrative remedies. Additionally, if Respondent believed his rights were being improperly denied by the Commission, he could have requested relief from this Court. However,

---

[6] The Commission is an independent agency. *See* Section 102 of the Commonwealth Attorneys Act, 77 P.S. 732-102.

after the Commission's issuance of the November 19, 1986 order, Respondent did nothing, allowing his rights to contest the Commission's actions to expire and thereby precluding this Court from considering Respondent's arguments.

Accordingly, Respondent's application to open or vacate judgment is hereby denied.[7]

## ORDER

AND NOW, this 13th day of May, 1988, Respondent's application to open or vacate judgment in regard to the above-captioned matter is hereby denied.

---

[7] Petitioners request that penalties be assessed against Respondent pursuant to Section 9(c) of the Act, 65 P.S. 409(c). However, the Commission declined to assess penalties against Respondent as did Judge BUCHER. We also decline to assess these penalties.