571 A.2d 1120

**Alan STEPHENS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1990.

Decided March 22, 1990.

Edward J. Hughes, Kaufman & Hughes, for petitioner.

Vincent J. Dopko, Chief Counsel, for respondent.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

CRUMLISH, Jr., President Judge.

Alan Stephens appeals a State Ethics Commission (Commission) order determining that Stephens violated Section 3(e) of the State Ethics Act (Act).[1] We reverse.

Stephens, a Commonwealth Department of Environmental Resources (DER) Solid Waste Specialist from 1969 until 1986, was subsequently employed as an operations manager for Empire Landfill, Incorporated (Empire). In July 1986, Empire filed a permit amendment application with DER consisting of several hundred pages. "Module Nine" of the application indicated that it was prepared by R.N. Bordner of Martin and Martin Engineering and Alan Stephens. Without any knowledge on Stephens' part, Bordner had listed Stephens' name as a preparer. Commission Findings of Fact A(10)(h).

In response to a complaint, the Commission concluded that Stephens violated Section 3(e) of the Act, because as a former public employee, he represented Empire on the permit amendment application submitted to DER.[2] Section 3(e) provides:

No former official or public employee shall represent a person, with or without compensation, on any matter before the governmental body with which he has been associated for one year after he leaves that body.

Our review is limited to determining whether necessary factual findings are supported by substantial evidence, an error of law has been committed, or constitutional rights

1. Act of October 4, 1978, P.L. 883, 65 P.S. § 403(e).
2. Although the Commission cited Stephens for a Section 3(e) violation, it declined without explanation to impose any penalty as authorized by Section 9(b) of the Act, 65 P.S. § 409(b).

have been violated. *Yocabet v. State Ethics Commission,* 109 Pa.Commonwealth Ct. 432, 531 A.2d 536 (1987).

Stephens contends that the inclusion of his name on the application by someone else and without his knowledge does not constitute representation prohibited by Section 3(e) of the Act. We agree.

The Commission found that whether Stephens knew his name was to be included as a preparer was irrelevant since a violation may be found in the absence of intent. *Yocabet.* While it is correct to say that intent is not always necessary to a finding that the Act has been violated, the definition of the term representation found in the Commission's own regulations requires an *act* by the former public employee.[3] That is, a former public employee must at least *do* something to be found in violation of the Act, whether or not he has an intent to transgress the law.

This is not a situation where a public employee is charged with knowledge of the law but, being unaware of it, commits a proscribed act and is found in violation, as in *Yocabet.* It is true that the application submitted contained Stephens' name. However, Stephens himself did not submit the application or authorize Bordner to list his name as a preparer of Module Nine. More importantly, Stephens was unaware that his name had been used. Based on the Commission's findings, no act—which requires the doing of a thing—can be attributed to Stephens, and therefore he cannot be charged with representation as defined by the Commission's regulations.

Accordingly, we reverse.

**3.** The Commission regulations define the term "Representation" as follows:

> An act on behalf of a person including, but not limited to the following activities: personal appearances, negotiating contracts, lobbying and submitting bid or contract proposals which are signed by or contain the name of a former public official or public employe.

51 Pa.Code § 1.1.

## ORDER

The order of the State Ethics Commission, No. 87–003–C, dated April 19, 1989, is hereby reversed.