Ronald BOUCH, Petitioner,

v.

STATE ETHICS COMMISSION,
Respondent.

Commonwealth Court of Pennsylvania.

Argued March 29, 2004.
Decided April 28, 2004.

Linus E. Fenicle, Camp Hill, for petitioner.

John J. Contino, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and LEADBETTER, J., and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Ronald Bouch petitions for review of an order of the State Ethics Commission (Commission) which determined that Bouch violated Section 1103(a) of the Public Official and Employee Ethics Act (Ethics Act), 65 Pa.C.S. § 1103(a). We reverse.

The facts of this case are as follows. Bouch is a Supervisor for South Newton Township (Township)[1] and thus a public official within the ambit of the Ethics Act. In response to a sworn complaint, the Commission filed an Investigative Complaint against Bouch for alleged violations of the Ethics Act. The Investigative Complaint alleged that Bouch had used the authority of his office for private pecuniary benefit by using Township monies to purchase a color copier, which he utilized for his own purposes. Bouch filed an answer denying the material allegations contained therein. A hearing before the Commission was held on May 21, 2003.

Based upon the testimony and evidence presented, the Commission found that in the spring of 2000, with the approval of the supervisors, the Township purchased a color photocopier for approximately $500. The copier and certain township equipment were maintained in the residence of Secretary/Treasurer Nancy Shoap so that she could perform her Township duties and responsibilities. There is a history in the Township that secretary/treasurers worked primarily from their homes. When Shoap terminated her employment at the end of August 2000, she returned the copier to the Township. Shortly thereafter, Bouch, with the knowledge of the other two supervisors, took the copier to his residence. An older black and white copier was located in the Township building. Bouch testified that he used the color copier in his home for Township business.

---

1. The Township is a second-class township and is governed by a three-member board of supervisors.

An interim secretary, Tammy Sipes, was hired until a permanent replacement could be found. The retention of the Township copier by Bouch became an agenda item at the meeting of the Township Board of Supervisors on November 13, 2001. A unanimous resolution was adopted that Bouch return the copier to the Township. The Commission found that Bouch did not return the copier until late February 2002.

By order dated September 15, 2003, the Commission ordered and decreed, *inter alia*, that Bouch had "violated Section 1103(a) of the Ethics Act when he had the township photocopier at his residence from November 13, 2001, when the Board of Supervisors directed him to return the copier, until its return by Bouch in the latter part of February, 2002." It is this portion of the Commission's order that Bouch now seeks review. Bouch raises the following issues for our review:

1.  Was the determination of the Commission that Bouch did not return the photocopier until the latter part of February 2002 supported by substantial evidence?

2.  Is the determination of the Commission that Bouch violated Section 1103(a) of the Ethics Act between November 13, 2001 and February 2002 supported by clear and convincing proof?

3.  Did Bouch violate Section 1103(a) of the Ethics Act, if in fact the Township photocopier was at his residence from November 13, 2001 through February 2002?

4.  Is Bouch in violation of Section 1103(a) of the Ethics Act for having the Township copier at his residence or does the *de minimis* exclusion apply to this situation.[2]

■ First, Bouch contends that the Commission's determination that Bouch did not return the photocopier until the latter part of February 2002 is not supported by substantial evidence. We disagree.

■ We initially note that this Court's scope of review of a commission adjudication is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, or whether the findings of the Commission are supported substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S § 704; *Pulice v. State Ethics Commission,* 713 A.2d 161 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 557 Pa. 642, 732 A.2d 1211 (1998). Substantial evidence is such relevant evidence as a reasonable person would consider adequate to support a finding. *Id.* After the facts are found to be supported by substantial evidence, this Court must then consider whether all the facts found by the Commission are clear and convincing proof that the public official violated the Ethics Act. *Id.*

■ "The weighing of evidence and the evaluation of witness credibility are proper functions of the Commission. It is not the function of a reviewing court to judge the weight of evidence and the credibility of witnesses on appeal from an administrative agency." *Yocabet v. State Ethics Commission,* 109 Pa.Cmwlth. 432, 531 A.2d 536, 538 (1987) (quoting *Murphy v. Department Public Welfare,* 85 Pa. Cmwlth. 23, 480 A.2d 382, 387 (1984)). The existence of conflicting evidence does not mean the evidence relied on is not substantial. *Id.* This court, in determin-

---

**2.** Although four issues are set forth in the statement of questions presented, issue number 2 is embodied in the other three issues raised and is not separately addressed in the argument portion of Bouch's brief.

ing whether substantial evidence exists to support a necessary finding, must evaluate the relevant evidence relied on to see if a reasonable person would consider it adequate to support the finding. *Yocabet.*

Here, although Bouch testified in detail that he returned the copier after the November 13, 2001 meeting and Supervisor Thomas Bixler testified that the copier was returned sometime in November, the Commission did not find his testimony credible. Instead, the Commission relied upon the testimony of three witnesses who testified that the copier had not been returned to the Township until February 2002. Outgoing Supervisor Richard Meily testified that he did not recall seeing the copier back before his term ended that December. Tammy Sipes and Donald Gruver[3] both testified that the copier was not returned until the latter part of February. Although Bouch attempted to discredit Sipes and Gruver on the basis that they are not disinterested witnesses,[4] the Commission credited their testimony and resolved the conflicts of testimony against Bouch. Such credibility determinations and resolution of conflicting evidence are within the sole discretion of the Commission and will not be disturbed by this Court. Thus, we conclude that substantial evidence supports the Commission's finding that the copier was not returned until the latter part of February 2002.

■ Next, Bouch argues that, even if the copier remained at his residence until the latter part of February 2002, there is no evidence that Bouch used the copier for other than Township business and any violation of Section 1103(a) of the Ethics Act is purely de minimis. We agree.

■ The Ethics Act specifically prohibits a public official from using the authority of his office in order to obtain a private pecuniary benefit for himself, a member of his immediate family, or a business with which he or a member of his immediate family is associated. *Kraines v. Pennsylvania State Ethics Commission,* 805 A.2d 677 (Pa.Cmwlth.2002), *petition for allowance of appeal denied,* 572 Pa. 761, 818 A.2d 506 (2003). Section 1103(a) of the Ethics Act provides:

> (a) Conflict of interest.—No public official or public employee shall engage in conduct that constitutes a conflict of interest.

The terms "conflict" or "conflict of interest" are defined by the Ethics Act as:

> Use by a public official or public employee of the authority of his office or employment or any confidential information received through his holding public office or employment for the *private pecuniary benefit* of himself, a member of his immediate family or a business with which he or a member of his immediate family is associated. *The term does not include an action having a de minimis economic impact* or which affects to the same degree a class consisting of the general public or a subclass consisting of an industry, occupation or other group which includes the public official or public employee, a member of his immediate family or a business with which he or a member of his immediate family is associated.

Section 1102 of the Ethics Act, 65 Pa.C.S. § 1102 (emphasis added).

Here, Bouch returned the copier to the Township, but not until three and a half months after the request for the return

---

3. Gruver became a supervisor in January 2002.

4. Both of witnesses signed a petition for recusal against Bouch and one filed a whistleblower suit against him.

was made. The Commission approximated that the total lease value of the copier for three and a half months was $130. While the Commission was able to establish a pecuniary value for the copier, there is no evidence that Bouch reaped any private benefit for himself, a member of his immediate family or a business with which he or a member of his immediate family is associated by the retention and/or use of the copier at his home. Bouch testified that the copier was used solely for Township business, not personal business. The Township had a history of allowing personnel to use and maintain Township equipment in their homes to perform work. In addition to serving as Township Supervisor, Bouch also served as Assistant Secretary and Roadmaster for the Township for the years 2001 and 2002. While the Township may have been inconvenienced by the delayed return of the copier, there is no evidence that the Township suffered any adverse economic consequences. Under these circumstances, we cannot conclude that Bouch's brief unauthorized retention of the Township copier constituted a violation of Section 1103(a) of the Ethics Act.

Accordingly, the Commission's order is reversed to the extent that the order determined that Bouch had violated Section 1103(a) of the Ethics Act.

### ORDER

AND NOW, this 28th day of April, 2004, in accordance with the foregoing opinion, the order of the State Ethics Commission is REVERSED insofar as that order found that Bouch violated Section 1103(a) of the Public Official and Employee Ethics Act, 65 Pa.C.S. § 1103(a).