IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fred C. Humes, Jr.,                         :
                Petitioner           :
                                      :
        v.                                  :
                                        :
Unemployment Compensation                   :
Board of Review,                            :   No. 1929 C.D. 2017
                Respondent          :   Submitted:  May 25, 2018

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED:  July 24, 2018

Fred C. Humes, Jr., (Claimant), *pro se*, petitions for review of the November 28, 2017 order of the Unemployment Compensation Board of Review (Board), which affirmed the determination of the referee denying Claimant's request for backdating of his application for unemployment compensation benefits.  Upon review, we affirm.

As a result of his separation from employment, Claimant applied for unemployment compensation benefits with an effective date of March 5, 2017. Certified Record (C.R.) Item No. 10, Board's Findings of Fact (F.F.) No. 1.  The Pennsylvania Department of Labor and Industry (Department) denied Claimant benefits, and Claimant appealed.  C.R. Item No. 7, 8/22/17 Transcript of Testimony (T.T.) at 4.  Claimant continued filing for benefits during the time that his appeal to

the referee was pending. T.T. at 5. On April 7, 2017, the referee issued a decision and order affirming the Department and denying benefits to Claimant. Board's F.F. No. 4. On or about April 21, 2017, Claimant appealed the referee's determination to the Board. Board's F.F. No. 5. The Board returned a copy of Claimant's petition for appeal to him, along with a copy of the referee's decision. *Id.* at No. 6. Claimant ceased filing biweekly claims for benefits at this point, assuming that the contents of the Board's mailing indicated that he had lost his appeal. T.T. at 6; *see* Board's F.F. No. 7.

On or about June 12, 2017, the Board reversed the referee's determination and granted Claimant benefits. Board's F.F. No. 8. On July 25, 2017, Claimant contacted the Unemployment Compensation Service Center and requested to file backdated claims in order to recoup benefits for compensable weeks ending April 22, 2017 through June 24, 2017, totaling ten weeks' worth of lost benefits. *Id.* at No. 9. On July 27, 2017, the Department issued a determination denying Claimant's request because he did not meet the requirements for which backdating could be allowed, citing Section 401(c) of the Unemployment Compensation Law (Law)[1] and Section 65.43a of the Unemployment Compensation Regulations (Regulations).[2] C.R. Item No. 3, Department's Notice of Determination at 1. Claimant timely appealed the Department's determination.

---

[1] Section 401(c) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(c). Section 401(c) provides, in relevant part, that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . has made a claim for compensation in the proper manner and on the form prescribed by the department . . . ." 43 P.S. § 801(c).

[2] Section 65.43a sets forth various circumstances that permit backdating a claim for benefits. 34 Pa. Code § 65.43a.

2

A referee held a hearing at which Claimant and his witness testified. T.T. at 1. On August 24, 2017, the referee issued a decision and order affirming the Department's determination denying Claimant's request to backdate his claims. C.R. Item No. 8, Referee's Decision & Order at 2-4. Claimant appealed, and the Board affirmed the referee's determination. C.R. Item No. 10, Board's Decision & Order at 3. Claimant then petitioned this Court for review.[3]

Before this Court, Claimant seeks reversal of the Board's order denying his request to permit backdating of his biweekly claims for unemployment compensation benefits. Admitting awareness of the obligation to keep filing during an appeal, Claimant asserts that in returning a copy of his petition for appeal to him, the Board failed to adequately communicate that his appeal remained pending and that he should continue to file for benefits. Claimant's Brief at 4-7. Claimant argues in his brief, just as he testified, that he would not have stopped filing for benefits if he thought his case was still under appeal. Claimant's Brief at 6; *see* T.T. at 2, 4-6. Claimant seems to have interpreted the Board's mailing as an affirmance of the referee's decision, at least in part, because it included a copy of the referee's decision to deny him benefits.[4] Claimant's Brief at 5. Thus, Claimant is challenging a portion of the Board's Finding of Fact Number 6, in which the Board found that "the petition

---

[3] "The Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of the Board was not followed or whether the findings of fact are supported by substantial evidence in the record." *W. & S. Life Ins. Co. v. Unemployment Comp. Bd. of Review*, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 1991); *see also* 2 Pa. C.S. § 704.

[4] Claimant alleges in his brief that he was "sent papers . . . with the referee[']s decision with them" (the copy of his petition for appeal to the Board) and that he was "[g]iven no instruction . . . to keep filing because [h]is case was still under appeal." Claimant's Brief at 5. Upon receiving the copy of his petition for appeal in the mail, he "thought [the Board] had agreed with the referee[']s decision and that [he] had lost [his] case." *Id.*

3

. . . advised [Claimant] to continue filing claims for benefits while awaiting the results of his appeal."[5]  Board's F.F. No. 6.

"The Board's findings of fact are conclusive on appeal . . . so long as the record taken as a whole contains substantial evidence to support them." *Henderson v. Unemployment Comp. Bd. of Review*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013) (citing *Penflex, Inc. v. Bryson,* 485 A.2d 359, 365 (Pa. 1984)). "Substantial evidence is correctly defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1387 (Pa. 1985) (quoting *Murphy v. Dep't of Pub. Welfare*, 480 A.2d 382, 386 (Pa. Cmwlth. 1984)). "In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence." *Henderson*, 77 A.3d at 718.

Taken as a whole, the record in this case contains substantial evidence to support Finding of Fact Number 6.  During the hearing, Claimant acknowledged that he received a copy of his petition for appeal to the Board in the mail, that he read the back of the petition for appeal form and that it instructed him to continue filing for benefits.  T.T. at 6.  Claimant admits in his brief, "I realize that when your case is under appeal you need to keep filing for benefits."  Claimant's Brief at 7. Further, Claimant does not contest Finding of Fact Number 2, in which the Board states that "[t]he unemployment compensation handbook advised the claimant to

---

[5] The remaining Findings of Fact, being unchallenged, are conclusive on appeal.  *Munski v. Unemployment Comp. Bd. of Review*, 29 A.3d 133, 137 (Pa. Cmwlth. 2011).

continue filing claims for benefits while awaiting the results of an appeal." Board's F.F. No. 2.

Claimant thus concedes knowing that he could continue filing for benefits during the appeals process. His argument, therefore, hinges upon whether the Board's mailing misled him into believing that the appeals process had concluded, such that he could no longer file for benefits. Claimant testified during the hearing that he "knew the [h]andbook said to keep filing, but . . . [he] didn't figure [he] was supposed to keep filing after . . . the process . . . ran its course." T.T. at 2. "[T]here was no information to say keep filing, we're still processing your [c]laim." *Id.* at 5 (emphasis added). "That's just how I took it, you know, it's just how I perceived it." *Id.* Claimant admitted that he "read that on the letter . . . it says keep filing. . . . But why should I keep filing when I felt the process was over[.]" T.T. at 6. Claimant testified regarding the Board's mailing, "I opened it that day and I was so angry I . . . threw [it] out . . . ." *Id.* at 4.

Given Claimant's admission that he knew the petition for appeal form and the handbook instructed him to continue filing for benefits while his appeal was pending and examining the testimony in the light most favorable to the prevailing party below, as we must, yields the reasonable inference that Claimant failed to review these documents with sufficient thoroughness. It was therefore Claimant's lack of care and misunderstanding, rather than any shortcomings in the Board's communications, that led him to believe he was unable to continue filing for benefits. Thus, there is substantial record evidence to support the findings that the petition advised Claimant to continue filing for benefits while awaiting the results of the appeal and that Claimant ceased filing because he assumed his appeal was rejected. Therefore, the Board did not fail to adequately communicate to Claimant that his

5

appeal remained pending and that he could continue to file for unemployment compensation benefits.

Further, Claimant has not established that he meets any of the exceptions under the Law or the Department's Regulations that would permit backdating his claims. Under Section 401(c) of the Law, a claimant must make "a claim for compensation in the proper manner and on the form prescribed by the department." 43 P.S. § 801(c). "The Department . . . establish[es] a schedule of consecutive 2-week periods for each claimant" and claims "shall be filed no later than the last day of the week immediately following the 2-week period." 34 Pa. Code § 65.43(a). Section 65.43a of the Department's Regulations permits the Department to "deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection (e)." 34 Pa. Code § 65.43a(c).

Subsection (e) provides the following reasons to permit backdating of an application for benefits, along with the corresponding number of weeks by which backdating will be granted:

| *Reason* | *Number of weeks* |
|---|---|
| The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons. | 6 |
| The claimant attempts to file by telephone, Internet or fax transmission in accordance with § 65.41 (relating to filing | 2 |

6

| | |
|---|---|
| methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used[.] | |
| A UC Office fails to accept a filing as a result of error or mistake by the Department. | 52 |
| Sickness or death of a member of the claimant's immediate family or an act of God. | 2 |
| Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant. | 2 |

34 Pa. Code § 65.43a(e).

In addition, subsection (f) permits extended filing when a claimant is unable to file a claim for benefits within the time allowed due to illness or injury. 34 Pa. Code § 65.43a(f). Subsection (g) also allows the Department to backdate an application for benefits when the claimant refrained from filing, "because [the] employer erroneously advised . . . that the claimant would be recalled to work within 1 week." 34 Pa. Code § 65.43a(g). Further, a claimant who files late may be eligible for backdating when the late filing was due to being misled by an unemployment compensation official. *See Snipas v. Unemployment Comp. Bd. of Review*, 401 A.2d 888, 889 (Pa. Cmwlth. 1979) (citing *Swope v. Unemployment Comp. Bd. of Review*, 184 A.2d 415, 416 (Pa. Super. 1962)). "Claimant has the burden of proof to establish that his application satisfies the requirements for backdating a claim for benefits."

*Egreczky v. Unemployment Comp. Bd. of Review*, 183 A.3d 1102, 1106 (Pa. Cmwlth. 2017); *see also Menalis v. Unemployment Comp. Bd. of Review*, 712 A.2d 804, 806 (Pa. Cmwlth. 1998) (stating that the "[c]laimant has . . . [the] burden of showing that he was misled or prevented from filing claims" by an unemployment compensation official).

Claimant does not argue that any of the reasons set forth in Section 65.43a applies. Moreover, it is clear from the record that none of the circumstances of Claimant's case permit backdating of an application for benefits under this Section. Even the final catchall provision of subsection (e) does not apply because Claimant did not fail to file through no fault of his own.

As stated, there is substantial record evidence to support the findings that the petition advised Claimant to continue filing for benefits while awaiting the results of the appeal and that Claimant ceased filing because he assumed his appeal was rejected. Therefore, the Board did not mislead Claimant by failing to adequately communicate that his appeal remained pending and that he could continue to file for unemployment compensation benefits. This Court has held that a claimant's own negligence and lack of thoroughness in reading communications from the Board will not excuse late filing. *See Constantini v. Unemployment Comp. Bd. of Review*, 173 A.3d 838, 845-46 (Pa. Cmwlth. 2017) (finding no justification for claimant's untimely appeal of the Department's denial of unemployment compensation benefits where it was "clearly attributable to [c]laimant's *own* negligence" and when "[c]laimant continued to labor under her misapprehension only because *she neglected to read the determination and the accompanying appeal information thoroughly*") (emphasis in original). Moreover, Claimant admits, "I stopped filing because I truely [sic] thought I had lost my case and it was over." Claimant's Brief

8

at 7. However, as this Court has held, a "mistaken impression that [one] was not eligible for benefits" does not justify backdating under Section 65.43a,[6] nor does "unfamiliarity with the unemployment compensation system."[7]

Accordingly, for the foregoing reasons, we affirm the Board's decision and order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] *Chrisbacher v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1212 C.D. 2013, filed Jan. 30, 2014), slip op. at 2; *see also Menalis*, 712 A.2d at 806 (affirming the decision of the Board to deny claimant's request for backdating of his claim for benefits, when claimant ceased filing because he "assumed that he was no longer eligible for benefits due to the receipt of a pension").

While this Court's unreported memorandum opinions may not be cited as binding precedent, they may be cited for persuasive value. Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

[7] *Beck v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 459 C.D. 2013, filed Sept. 11, 2013), slip op. at 8-9.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fred C. Humes, Jr.,           :
         Petitioner        :
                                    :
          v.                    :
                                    :
Unemployment Compensation    :
Board of Review,               :     No. 1929 C.D. 2017
         Respondent     :

## O R D E R

AND NOW, this 24th day of July, 2018, the order of the Unemployment Compensation Board of Review dated November 28, 2017 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge