540 A.2d 1374

James Koslow, Petitioner *v.* Commonwealth of Pennsylvania, State Ethics Commission, Respondent.

Argued March 21, 1988, before Judges CRAIG and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Michael J. Witherel, Brucker & Witherel,* for petitioner.

*Vincent J. Dopko,* with him, *John J. Contino,* Acting General Counsel, for respondent.

OPINION BY JUDGE CRAIG, May 5, 1988:

James Koslow, an elected commissioner of Robinson Township, appeals an order of the State Ethics Commission. We must determine whether the commission correctly concluded that Koslow used his office as a township commissioner in violation of section 403(a) of the State Ethics Act,[1] that is, "to obtain financial gain other than compensation provided by law."

Specifically, the commission found that Koslow violated section 403(a) by participating in a vote by the board of commissioners to appoint himself as a member of the Robinson Township Municipal Authority. The board voted 3 to 2 to appoint Koslow; by voting for himself, Koslow cast the deciding ballot. From January 1984 through September 1985, Koslow, purportedly as a member of the municipal authority, received $70 a

---

[1] Section 3 of the Act of October 4, 1978, P.L. 883, 65 P.S. §403(a), which provides:

(a) No public official or public employee shall use his public office or any confidential information received through his holding public office to obtain financial gain other than compensation provided by law for himself, a member of his immediate family, or a business with which he is associated.

month, the amount stated by local ordinance for member compensation as authorized under the Pennsylvania Municipalities Authorities Act of 1945.[2] The commission concluded that this monthly $70 payment constituted financial gain "other than compensation provided by law" for *township commissioners,* and ordered Koslow to submit to the commission a check in the amount of $1,470 payable to the Robinson Township Municipal Authority. Koslow now appeals that order.

Koslow does not dispute the commission's factual findings, but does argue that the commission, in its interpretation of section 403(a), erred as a matter of law.[3] Koslow contends that the $70 monthly payment did not constitute compensation for serving as a township commissioner, but rather compensated him for serving as a board member of the separate township municipal authority. Because the Municipalities Authorities Act and local ordinance authorized compensation for municipal authority members, Koslow asserts the monthly payment constituted "financial gain" that *was* "provided by law."

In one respect, Koslow's analysis is legally correct. Both local ordinance and enabling legislation authorize compensation to be paid to municipal authority members. Nothing in our statutory framework forbids a township commissioner from also serving on the township municipal authority, and the commission itself does not contend that the two offices are incompatible.

---

[2] Section 7 of the Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §309.

[3] Our scope of review in this case is limited to determining whether constitutional rights have been violated, whether legal error has been committed, and whether any necessary findings of fact were not supported by substantial evidence. *Phillips v. State Ethics Commission,* 79 Pa. Commonwealth Ct. 491, 470 A.2d 659 (1984).

However, the pivotal issue in this case is whether Koslow even was qualified as an authority member to receive the "compensation provided by law" for lawful holders of that position.

Long ago, the Pennsylvania Supreme Court recognized the conflict of interest inherent in a public official appointing himself to another public office. In *McCreary v. Major,* 343 Pa. 355, 359-60, 22 A.2d 686, 688-89 (1941), where members of the Beaver Falls City Council voted to appoint themselves to the city's newly-created municipal authority, the Supreme Court held:

> We have had no difficulty in reaching our conclusion and are unanimously of opinion *that well-established public policy prohibits respondent and his colleagues from using their official appointing power as councilmen of the City of Beaver Falls to appoint themselves members of the Board of the Authority.* This Court said, as early as 1803, in Commonwealth v. Douglass, 1 Bin. 77, 84: 'One having a discretionary authority to appoint a fit person to a public office appointing himself, seems a solecism in terms; and it cannot be deemed the fulfilment of his duty.' . . . That there is 'a virtual unanimity of opinion' among all reasonable men that it is against public policy for a public official to appoint himself to another public office within his gift is beyond all question. Courts, not only of this Commonwealth, but of every other jurisdiction known to us, have uniformly held that personal interest of a public officer creates disqualification. (Emphasis added.)

The controlling principle developed by our case law is that a council member is disqualified from voting in any matter or proceeding in which he or she has a personal interest. *McAdoo Borough v. Pennsylvania Labor*

*Relations Board,* 506 Pa. 422, 485 A.2d 761 (1984); *Consumer Education and Protection Association v. Schwartz,* 495 Pa. 10, 432 A.2d 175 (1981); *Raynovich v. Romanus,* 450 Pa. 391, 299 A.2d 301 (1973) (plurality opinion).

By casting the controlling vote in favor of his appointment, Koslow violated this clear precept of public policy. Koslow's vote was therefore illegal and void and could not be counted in computing a quorum or majority. *Raynovich,* 450 Pa. at 395, 299 A.2d at 304. Discounting Koslow's vote, the board's vote tied at 2 to 2; Koslow's appointment to the municipal authority was not supported by the majority of the board and therefore failed.

Because Koslow never had a lawful appointment as an authority member, he was not entitled to collect the monthly salary allocated by law for such members. Hence, by receiving financial compensation for a public office which he did not lawfully hold, Koslow violated section 403(a) of the State Ethics Act, in that he used his township office to obtain compensation for which he had no lawful entitlement.

Accordingly, the decision of the commission is affirmed.

ORDER

NOW, May 5, 1988, the decision of the State Ethics Commission, Order No. 458-R, dated November 19, 1986, is affirmed.