556 A.2d 8

Frank Dodaro, Petitioner *v.* Commonwealth of Pennsylvania, State Ethics Commission, Respondent.

164

Argued May 25, 1988, before President Judge CRUM-LISH, JR., and Judges CRAIG, DOYLE, BARRY, PAL-LADINO, MCGINLEY and SMITH.

*Joseph M. Stanichak,* for petitioner.

*Vincent J. Dopko,* General Counsel, for respondent.

OPINION BY JUDGE SMITH, March 14, 1989:

Frank Dodaro (Petitioner) appeals an order of the State Ethics Commission (Commission) which concluded that Petitioner had used his public office to obtain a financial gain for a member of his immediate family, thereby violating Section 3(a) of the State Ethics Act (Act).[1]

Petitioner, as a member of the Board of Directors of the Borough of Ambridge Water Authority, voted to hire his minor son for summer employment in the years 1982, 1983, and 1984.[2] By preliminary order dated July 28, 1987, the Commission found that Petitioner violated the Act by using his position to obtain employment for his minor dependent son. Subsequently, Petitioner requested reconsideration pursuant to 51 Pa. Code §2.38(a) challenging the Commission's finding as erroneous because without intent there can be no violation of the Act. Furthermore, Petitioner argued that since the penalty provisions in Section 9 of the Act, 65 P.S. §409, are criminal in nature, the Commission must meet the same burden as required in a criminal proceeding, *i.e.*, proof beyond a reasonable doubt.

After hearing, a final order was issued on December 28, 1987 concluding that Petitioner was in violation of Section 3(a) of the Act and was thereby ordered to make

---

[1] Act of October 4, 1978, P.L. 883, 65 P.S. §403(a), provides: (a) No public official or public employee shall use his public office or any confidential information received through his holding public office to obtain financial gain other than compensation provided by law for himself, a member of his immediate family, or a business with which he is associated.

[2] The Commission's decision states that Petitioner should have abstained from voting for all four periods, 1982-85, but only requested restitution for three periods, 1982-84. Moreover, the Commission stated in its brief that Petitioner improperly used his position from 1982 to 1984, but not in 1985 because Petitioner's son had reached majority.

restitution in the amount of $4,890.00, the total amount of compensation paid to Petitioner's minor son for the years 1982 through 1984.

Petitioner raises three issues for review. First, Petitioner argues that no penalty may be imposed against Petitioner without the necessary element of intent. Second, Petitioner argues that the order which required Petitioner to repay the monies would result in an unjust enrichment to the Borough since the Borough has received the benefit of work performed by Petitioner's son. Lastly, Petitioner argues that Section 3(a) of the Act is unconstitutional as a violation of due process because it imposes severe criminal penalties for unknowing, unwitting and unintentional violations with no reasonable standards to protect his rights. Petitioner's arguments will be addressed *seriatim*, keeping in mind that this Court's scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed, or whether necessary factual findings are not supported by substantial evidence. *Koslow v. State Ethics Commission*, 116 Pa. Commonwealth Ct. 19, 540 A.2d 1374 (1988).

The clear intent of the Legislature in enacting the Act is found in Section 1 of the Act, 65 P.S. §401, which provides:

> The Legislature hereby declares that public office is a public trust and that any effort to realize personal financial gain through public office other than compensation provided by law is a violation of that trust. In order to strengthen the faith and confidence of the people of the State in their government, the Legislature further declares that the people have a right to be assured that the financial interests of holders of or candidates for public office present neither a conflict nor the

appearance of a conflict with the public trust. Because public confidence in government can best be sustained by assuring the people of the impartiality and honesty of public officials, this act shall be liberally construed to promote complete disclosure.

Furthermore, in *Koslow*, this Court stated that a public officer is disqualified from voting in any matter in which he or she has a personal interest as did Petitioner whose indirect financial interest presented, at the very least, the appearance of a conflict with the public trust.

Despite clear statutory language and case law, Petitioner would have this Court carve out an exception to Section 3(a) by declaring that no violation will occur where the public official lacked intent.[3] This Court has rejected the same argument in *Yocabet v. State Ethics Commission*, 109 Pa. Commonwealth Ct. 432, 531 A.2d 536 (1987), concluding that the Commission did not err in determining that Yocabet violated Section 3(a), even if he did not intend to do so. The Commission based this conclusion upon Yocabet's improper use of his office as a township supervisor to realize personal financial gain by voting to appoint himself township secretary/treasurer for which he received compensation that was not established by the township auditors as required by law. Therefore, recognizing that the Act must be liberally construed, and in light of *Yocabet* and *Koslow*, we dismiss Petitioner's argument as meritless.

Petitioner next challenges the Commission's order of restitution contending that the Borough would be unjustly enriched. Where the Commission determines that activities of public officials violate the Act, the Commis-

---

[3] Petitioner contends that he had no knowledge of this violation due in part to the failure of the Water Authority's Solicitor to advise him.

sion has the authority to make recommendations for prosecution pursuant to Section 7(11) of the Act, 65 P.S. §407(11), unless petitioners divest themselves of the financial gain by returning it to the township. *See Mc-Cutcheon v. State Ethics Commission*, 77 Pa. Commonwealth Ct. 529, 466 A.2d 283 (1983); 51 Pa. Code §2.33(4)(i). The financial loss to the Borough of Ambridge is that $4,890.00 of its funds were disbursed for services performed as a result of conduct in contravention of public policy. To accept Petitioner's contention would serve to circumvent and nullify the Legislature's intent to foreclose even the appearance of conflict with the public trust. *See Cotlar v. Warminster Township*, 8 Pa. Commonwealth Ct. 163, 302 A.2d 859 (1973). Petitioner must therefore divest himself of the financial gain received.

Lastly, Petitioner challenges the constitutionality of Section 3(a) contending that the severe criminal penalties provisions in Section 9, which may be imposed, have no reasonable standards, and therefore, violate his due process rights. This argument fails on two counts. First, Petitioner has not been subject to any criminal penalties or criminal proceedings. Secondly, the penalty provisions which Petitioner challenges, Section 9(a)[4] and (c),[5] are not applicable here. In order for Section 9(a) to be imposed, the Commission must conclude there were violations of Section 3(a) and (b). Since Petitioner was

---

[4] Section 9(a) provides:

    . (a) Any person who violates the provisions of section 3(a) and (b) is guilty of a felony and shall be fined not more than $10,000 or imprisoned for not more than five years, or be both fined and imprisoned.

[5] Section 9(c) provides:

    (c) Any person who obtains financial gain from violating any provision of this act, in addition to any other penalty provided by law, shall pay into the State Treasury a sum of money equal to three times the financial gain resulting from such violation.

only found to have violated Section 3(a), Section 9(a) has no application. The Commission, although it had the authority to do so, did not require Petitioner to pay into the State Treasury the sum of three times the financial gain provided in Section 9(c). Hence, this Court finds no merit to Appellant's argument. *See Yocabet.*

In summary, the Pennsylvania Supreme Court has repeatedly held that it is against public policy for a public official to vote on any discretionary matter where he or she is personally interested in the result. *See Consumers Education & Protective Association v. Schwartz,* 495 Pa. 10, 432 A.2d 173 (1981). Mere appearance of conflict with the public trust, including official actions taken which are tainted by direct and indirect personal pecuniary interest in the matter, erode public confidence in government. Accordingly, the decision of the Commission is affirmed.

## ORDER

AND NOW, this 14th day of March, 1989, the decision of the State Ethics Commission, Order No. 590-R dated December 28, 1987, is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I respectfully dissent because I think the complaint of the Commission is ludicrous.

This Commonwealth's Ethics Act, similar in form and substance to other states' ethics laws, was enacted in 1978 and was the product of a movement throughout the United States proposing reform accountability legislation. Its impetus, as well as other state statutes and the federal Ethics in Government Act of 1978, 2 U.S.C. §701, had grown from the perceived abuses of power of that era. The Ethics Commission was created by the Act, to

oversee the activities of those in high public offices, with control or influence over large amounts of state monies, and to ensure that this influence was not exerted to direct contracts, bond issues and similar munificences to family members or personal political or social favorites. The Commission had its genesis in the unfortunate history of windfalls and corruption "at the top."[1]

There is no doubt that this legislation applies to officials and employees of our Commonwealth's agencies and political subdivisions. However, to apply it in this instance is to extend the law's sanctions and the Commission's reach without warrant well beyond the "mischief to be remedied." 1 Pa. C. S. §1921.

Moreover, *Yocabet* on which the majority relies, while controlling on the issue of intent, is not worthy precedent. There, a township supervisor voted on his own appointment as township secretary/treasurer. The Commission found an Ethics Act violation because, although it was proper for the supervisor to appoint himself secretary/treasurer, his compensation for that post was not fixed by the township's auditors, as required by the Second Class Township Code, but by the very body he proposed to represent. *Id*. at 434, 531 A.2d at 538. It was there beyond dispute that the appellant used his public office as supervisor to obtain personal financial gain (the secretary/treasurer's salary) *other than compensation provided by law*." Section 3(a) of the Act (emphasis added).

Here, there is no dispute that Dodaro's minor son was qualified, performed the summer work he was assigned,

---

[1] *See* Shapiro, Stephen J., "Judicial Control over the Bar versus Legislative Regulation of Government Ethics: The Pennsylvania Approach and a Proposed Alternative." 20 Duquesne L.R. 13 (1981-82). *See also* House Legislative Journal, 4/26/77 (statements of Reps. Ryan and Garzia), pp. 636-41.

and received no more than the wages to which he was entitled.

I would say that an insignificant, temporary laborer's appointment, for which young Dodaro was qualified—and in no way could his wages conceivably have amounted to evil profit for his father—was a scenario the Legislature never intended to prevent. In my judgment, it is high time that the Ethics Commission came down to earth and concentrated its energy and resources on tracking down the "bears" instead of the "chipmunks."

I would reverse the Commission.

Judge MCGINLEY joins in this dissent.

DISSENTING OPINION BY JUDGE BARRY:

The Legislature has provided "[t]hat the General Assembly does not intend a result that is . . . unreasonable." 1 Pa. C. S. §1922(1). In my view, the Ethics Commission's interpretation of Section 3(a) of the State Ethics Act, Act of October 4, 1978, P.L. 883, 65 P.S. §403(a), in finding a violation of the act is manifestly unreasonable.

Section 1 of the Act, declaring its purpose, states, "The Legislature hereby declares that public office is a public trust and that any effort to realize personal financial gain through public office other than compensation provided by law is a violation of that trust." 65 P.S. §401. Simply put, I cannot believe the Legislature intended that the Act would be violated *on these facts* where the petitioner's minor son earned less than $5,000.00 over three summers at a rate of approximately $4.00/hour. This is not a phantom employee case, as no one disputes that the petitioner's son actually performed the work for which he was paid. As I believe this result is unreasonable, I am compelled to dissent.

Judge MCGINLEY joins in this dissent.