594 A.2d 652

**Frank DODARO, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Appellee.**

Supreme Court of Pennsylvania.

Submitted March 4, 1991.

Decided July 22, 1991.

540

Joseph M. Stanichak, Aliquippa, for appellant.

Vincent J. Dopko, Chief Counsel State Ethics Com'n, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

ZAPPALA, Justice.

Frank Dodaro appeals from the Commonwealth Court's order affirming an order of the State Ethics Commission (Commission), which concluded that he had used his public office to obtain a financial gain for a member of his immediate family and required that he make restitution in the amount of $4,890.00.

The facts underlying this appeal are undisputed. As a member of the Board of Directors of the Borough of Ambridge Water Authority, the Appellant participated in voting to hire high school students as summer employees during the years 1982 through 1985. The Ambridge Water Authority customarily had hired students during the summer months.

In May, 1982, the Board of Directors voted to hire eleven individuals out of the twenty-eight applications for employment that were introduced at the meeting. One of the individuals hired was the Appellant's minor son. All of the five directors were present at the meeting, only one of

whom voted in opposition to the motion to hire the summer help at a rate of $4.25 per hour.

In June, 1983, four members of the Board of Directors were present at the meeting during which a vote was taken to hire a group of nine individuals as summer help at the rate of $4.00 per hour. Of the four members, three voted in favor of hiring the group of nine individuals. The Appellant was present and represented one of the votes to hire the group, which included his son.

In May, 1984, two names were submitted for summer help at the rate of $4.00 per hour. The Appellant's son was one of those named. All five members of the Board of Directors were present. Only one member was opposed to hiring the summer help.

By preliminary order dated July 28, 1987, the Commission concluded that the Appellant had violated Section 3(a) of the Ethics Act when he participated in the voting to appoint his minor son to a position of employment in 1982, 1983 and 1984. After a hearing, the Commission issued a final order on December 28, 1987, confirming that conclusion and ordering the Appellant to make restitution to the Ambridge Water Authority in the amount of $4,890.00. This figure represented the total wages earned by the minor son during the three years of summer employment. On appeal, the Commonwealth Court affirmed the order of the Commission. 124 Pa.Cmwlth. 163, 556 A.2d 8.

The scope of appellate review of the Commission's order is limited to determining whether constitutional rights have been violated, an error of law has been committed, or whether necessary factual findings are not supported by substantial evidence. Applying this standard, the most compelling argument made by the Appellant is that the Commission's interpretation of Section 3(a) of the Ethics Act as having been violated by the hiring of his minor son is manifestly unreasonable.

At the time relevant to this appeal, Section 3(a) of the Ethics Act, 65 P.S. § 403(a), provided:

No public official or public employee shall use his public office or any confidential information received through his holding public office to obtain financial gain other than compensation provided by law for himself, a member of his immediate family, or a business with which he is associated.

"Immediate family" was defined to include a spouse residing in the person's household and minor dependent children.[1]

The stated intent of the Legislature in enacting the Ethics Act was set forth in Section 1 of the Act, 65 P.S. § 401, which provided:

The Legislature hereby declares that public office is a public trust and that any effort to realize personal financial gain through public office other than compensation provided by law is a violation of that trust. In order to strengthen the faith and confidence of the people of the State in their government, the Legislature further declares that the people have a right to be assured that the financial interests of holders of or candidates for public office present neither a conflict nor the appearance of a conflict with the public trust. Because public confidence in government can best be sustained by assuring the people of the impartiality and honesty of public officials, this act shall be liberally construed to promote complete disclosure.

The language of Section 3(a) must be interpreted, then, in light of the stated intent of the Legislature.

In sustaining the Commission's order, the Commonwealth Court relied upon its decisions in *Yocabet v. Commonwealth, State Ethics Commission*, 109 Pa.Cmwlth. 432, 531 A.2d 536 (1987) and *McCutcheon v. Commonwealth, State Ethics Commission*, 77 Pa.Cmwlth. 529, 466 A.2d 283 (1983). Neither of those cases addressed the precise issue

1. Section 403(a) was amended in 1989. The section now provides that, "No public official or public employee shall engage in conduct that constitutes a conflict of interest." 65 P.S. § 403(a). The definition of "immediate family" was expanded to include "[a] parent, spouse, child, brother or sister." 65 P.S. § 402.

raised in this appeal. Those cases present factual circumstances that are so readily distinguishable from the instant case as to immediately eliminate any argument that the reasoning of the Commonwealth Court in those decisions is compelling in this case.[2]

Nevertheless, the very same facts distinguishing the *Yocabet* and *McCutcheon* decisions warrant close attention, for it is in the application of the Ethics Act to those facts that the legislative intent is realized.

In *Yocabet,* a township supervisor was found to have violated Section 3(a) of the Ethics Act because he had voted for his own appointment as secretary/treasurer while serving as a supervisor and the financial compensation to be paid for the appointment had not been established by the township auditor as required by law. He was required to return the compensation he had received as secretary/treasurer to the township. Under the Second Class Township Code, 53 P.S. §§ 65101–66981, a township supervisor was permitted to appoint himself to the township offices of roadmaster, secretary and treasurer, but the Code required the township's auditors to set the compensation in that situation. It was undisputed that the compensation had not been established in compliance with the law.

Similarly, in *McCutcheon,* township supervisors had voted to purchase life annuity policies for their pension fund paid from township funds. Upon resignation from their positions as supervisors, they surrendered the policies and received more than $11,000.00 each. During the years in which they served as supervisors, they also held positions as superintendent of roads and roadmaster. As such they held dual roles as supervisors and employees.

The compensation of supervisors when acting as superintendents or roadmasters was required to be set by the

2. We have not yet addressed the issues presented in the *Yocabet* and *McCutcheon* decisions. The parties in this case, however, have relied upon those decisions in formulating their arguments before this Court. Our discussion of these cases should not be construed as approval of the Commonwealth Court's analysis in those decisions.

township auditors pursuant to the Second Class Township Code. Compensation was construed by the Commonwealth Court to include pension benefits. Since the township auditors had not provided for the annuities as part of the pension plan for superintendents or roadmasters, it was held that the annuities were accepted in violation of the law.

In both of those cases, the Commonwealth Court held that the public officials had violated the Ethics Act by receiving compensation in violation of a statute that required compensation to be established by an auditor. Their conduct was held to be a breach of the public trust. The receipt of compensation other than that provided by law was found to be the type of conflict with the public trust that the Ethics Act was intended to encompass.

In *Koslow v. Commonwealth, State Ethics Commission,* 116 Pa.Cmwlth. 19, 540 A.2d 1374 (1988), the Commonwealth Court held that Section 403(a) of the Ethics Act had been violated by a township commissioner's participation in a vote by a board of commissioners to appoint himself as a member of the township municipal authority. The board had voted 3–2 to appoint the township commissioner. By voting for himself, the township commissioner had cast the deciding ballot. The Court held that by casting the controlling vote in favor of his appointment, the vote was illegal and void.

This case stands in stark contrast to those decisions. The receipt of compensation by the Appellant's minor son was clearly not in derogation of any statutory provision. The Appellant's participation in the vote was not necessary to establish a quorum. Nor was his vote determinative on the question of whether the individuals would be hired as summer help.

Although this case is readily distinguishable from those previously cited in several critical respects, that is not the only basis for overruling the Commonwealth Court's decision. In interpreting the statute, we are guided by the principle of statutory construction that the Legislature does not intend a result that is absurd, impossible of execution or

unreasonable. 1 Pa.C.S.A. § 1922. The Commission's conception of a violation of the public trust has made a mockery of the Legislature's grave concerns for conduct of public officials that undermines the public's faith and confidence in their government. We must reject an interpretation of Section 403(a) of the Ethics Act which would encompass the conduct complained of herein because it would produce an absurd and unreasonable result. We hold that the wages paid to the Appellant's minor son for the temporary work actually performed was not "financial gain other than compensation provided by law" prohibited under Section 403(a).[3]

The order of the Commonwealth Court is reversed.

NIX, C.J., dissents.

---

**3.** Although the subsequent amendments to the Ethics Act in 1989 are not controlling for purposes of this appeal, we note that the Legislature redefined "income" to exclude miscellaneous, incidental income of minor dependent children. 65 P.S. § 402.