1997 SD 116

**E.A. HIMRICH, and Gerald M. Baldwin, Plaintiffs and Appellants,**

v.

**Edward C. CARPENTER and the Partnership known as Costello, Porter, Hill, Heisterkamp and Bushnell, Defendants and Appellees.**

No. 19918.

Supreme Court of South Dakota.

Considered on Briefs June 3, 1997.

Decided Oct. 8, 1997.

See also, 512 N.W.2d 171.

Scott N. Heidepriem and Shane D. Buntrock of Johnson, Heidepriem, Miner & Marlow, Sioux Falls, for plaintiffs and appellants.

Charles M. Thompson of May, Adam, Gerdes & Thompson, Pierre, for defendants and appellees.

KEAN, Circuit Judge.

## PROCEDURAL HISTORY/FACTUAL BACKGROUND

[¶ 1.] In 1994 the South Dakota Supreme Court held that a lease-purchase agreement between the City of Custer (City) and Homes, Inc., which included the Custer City Attorney, Gerald Baldwin (Baldwin), as one of the principles, was null and void as violative of public policy under SDCL 6-1-1. *Speckels v. Baldwin,* 512 N.W.2d 171 (S.D. 1994). Subsequent to that decision, Baldwin and E.A. Himrich (Himrich) instituted a legal negligence lawsuit against Edward C. Carpenter (Carpenter) and his legal partnership. Carpenter had represented Baldwin and Himrich at the trial court level and in the South Dakota Supreme Court in their unsuccessful attempt to defend the lawsuit brought by Jerome Speckels. The decision required Himrich and Baldwin to repay City the monthly rental payment which City had been making to them since September 1986, the date the revenue bonds were retired. For further details of that transaction see *Speckels,* 512 N.W.2d at 173–74.

[¶ 2.] The basis for Baldwin and Himrich's claim for legal negligence lies in three separate areas. These are as follows:

(1) The failure of Carpenter to preserve on appeal the statute of limitations defense found at SDCL 6-1-4.

(2) The failure of Carpenter to assert a cross-claim in the prior litigation against City.

(3) The failure of Carpenter to assert as an affirmative defense in the prior litigation the curative legislation of SDCL 9-27-35.

[¶ 3.] The first point arose when Carpenter filed an answer for Himrich and Baldwin and asserted the affirmative defense of the statute of limitations. The trial court held that SDCL 6-1-1 did not apply and there was no reason to apply SDCL 6-1-4, the section dealing with the statute of limitation. The trial court also ruled that if SDCL 6-1-1 did apply, SDCL 6-1-4 would also apply. When Speckels did not prevail in the prior litigation, he appealed. Carpenter wrote Himrich and Baldwin and suggested that a notice of review be filed on the statute of limitations matter. Baldwin responded and told Carpenter to proceed, but Carpenter did not file a notice of review on that point. This was noted in *Speckels,* 512 N.W.2d at 176: "City and Home failed to file a notice of review pursuant to SDCL 15–26A–22, thus precluding it from being raised on appeal."

[¶ 4.] The next point deals with the claim of the failure to assert a cross-claim against City in its initial answer. Baldwin and Himrich attempted to file a cross-claim against City after the remand of the original proceeding. They concede that the failure to file the cross-claim in the initial lawsuit effectively precludes them from doing so now. However, they claim that Carpenter's failure to assert the original cross-claim is legal negligence.

[¶ 5.] The final point deals with the curative legislation found at SDCL 9-27-35. Baldwin and Himrich claim SDCL 9-27-35 is

clear and constitutional and validates the lease purchase agreement as a conveyance of the nursing home because it was made prior to January 1, 1992, the date set forth in this statute. They also claim that SDCL 9–27–35 makes a void act a valid one and operates to cure any irregularities or defects in the conveyance of the real estate such as the real estate at issue in this case.

[¶ 6.] Carpenter moved for summary judgment and it was granted. This appeal followed.

### ISSUE

[¶ 7.] There is a single issue on appeal.

[¶ 8.] **I. Did the trial court err in granting summary judgment to Carpenter, considering that SDCL 6–1–4, 9–27–35, and 15–2–8(4) and cross-claims against City were not asserted as affirmative defenses in the underlying cause of action or raised on the prior appeal?**

[¶ 9.] We hold that summary judgment was proper.

### ANALYSIS

■■■ [¶ 10.] The standard of review for summary judgment is well established.

In reviewing a grant ... of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of summary judgment is proper.

*Mack v. Kranz Farms, Inc.,* 548 N.W.2d 812, 813–14 (S.D.1996).

■■■ [¶ 11.] In order to demonstrate a valid legal malpractice claim, Himrich and Baldwin must prove:

(1) the existence of an attorney-client relationship giving rise to a duty;

(2) that the attorney, either by an act or failure to act, violated or breached that duty;

(3) that the attorney's breach of duty proximately caused injury to the client; and

(4) that the client sustained actual injury, loss or damage.

*Haberer v. Rice,* 511 N.W.2d 279, 284 (S.D. 1994). In seeking to overturn a summary judgment against them, Himrich and Baldwin must produce evidence that but for the negligence of their attorney, their cause of action or defense against a claim in the underlying action would have been successful. *Id. See Weiss v. Van Norman,* 1997 SD 40, 562 N.W.2d 113. This evidence must be set forth by affidavit or other evidence of specific facts, and cannot rely on mere allegation. *Weiszhaar Farms v. Live Stock State Bank,* 467 N.W.2d 752, 754 (S.D.1991); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351, 365 (1992). In this case, Himrich and Baldwin failed to prove that but for Carpenter's failure to raise the defenses of statute of limitations and SDCL 9–27–35, and to make certain cross-claims, the South Dakota Supreme Court would have ruled in their favor.

### I. Contract in Violation of Public Policy

■■■ [¶ 12.] The contract between City and Homes, Inc. clearly violates South Dakota public policy. SDCL 6–1–1 plainly indicates that a contract between a municipality and one of its officers is in direct conflict with the fundamental rule against self-dealing. "Public policy requires that local government officials cannot be permitted to place themselves in a position in which personal interest may conflict with public duty." *Speckels,* 512 N.W.2d at 175–76 (citing *Sciuto v. City of Lawrence,* 389 Mass. 939, 452 N.E.2d 1148 (1983); *Josephson v. Planning Board,* 151 Conn. 489, 199 A.2d 690 (1964)). That an attorney was involved as a municipal officer, further extends this duty.

[¶ 13.] "The relationship between attorney and client is highly fiduciary. It consists of a very delicate, exacting and confidential character. It requires the highest degree of fidelity and good faith. It is a purely personal relationship, involving the highest personal trust and confidence." *Rosebud Sioux Tribe v. Strain*, 432 N.W.2d 259, 264 (S.D.1988) (citing 7 AmJur2d *Attorneys at Law* § 119). By virtue of his fiduciary duties to his client, an attorney is forbidden from using his official position for private gain. *Speckels*, 512 N.W.2d at 176. Baldwin and Himrich blatantly ignored their fiduciary duties to City; they should have made a choice between public service and private gain. By choosing both, they acted for self-profit, rather than for the benefit of their client.

[¶ 14.] The allegation that City and its residents were not harmed but rather profited because of the illegal contract is completely irrelevant. *Norbeck and Nicholson Co. v. State*, 32 S.D. 189, 142 N.W. 847 (1913). In addition to the pecuniary interests of the public, civic honesty and morality are protected under the doctrine of public policy. *Ritter v. Mutual Life Ins. Co.*, 169 U.S. 139, 158–59, 18 S.Ct. 300, 306, 42 L.Ed. 693, 699 (1898); *Bartron v. Codington County*, 68 S.D. 309, 2 N.W.2d 337, 348 (1942). Equity and natural justice invalidate contracts which, by their nature, tend to "weaken public confidence in the integrity of the public service." *Carlson v. City of Faith*, 75 S.D. 432, 434, 67 N.W.2d 149, 151 (1954); *Dodaro v. Commonwealth, State Ethics Comm'n*, 527 Pa. 539, 594 A.2d 652, 653–54 (1991); *Katz v. Brandon*, 156 Conn. 521, 245 A.2d 579, 587 (1968).

## II. SDCL 9–27–35 Not a Valid Defense

[¶ 15.] Public policy dictates that Himrich and Baldwin would not have been successful under SDCL 9–27–35. *See, Minneapolis, St. Paul P., R. & D. Electric Traction Co. v. City of Minneapolis*, 124 Minn. 351, 145 N.W. 609, 611 (1914). A validation statute is defined as, "[a] statute, purpose of which is to cure past errors and omissions and thus make valid what was invalid...." Black's Law Dictionary 1550 (6th ed 1990). SDCL 9–27–35 purports to cure and validate conveyances of real property by municipalities made prior to 1992. However, under SDCL 6–1–1, the contract was null and void from the date of its making. In applying statutes comparable to SDCL 6–1–1, courts have held, "[C]ontracts such as here involved are wholly void for all purposes as to everybody whose rights would be affected by them if valid, and such contracts require 'no disaffirmance to avoid' them; they 'cannot be validated by ratification'; and they are not 'susceptible of validation.'" *Arthur v. Trindel*, 168 Neb. 429, 96 N.W.2d 208, 214 (1959); *Kellogg v. Howes*, 81 Cal. 170, 22 P. 509 (1889); 17A AmJur2d *Contracts* § 7 (1991).

[¶ 16.] In addition, the curative abilities of SDCL 9–27–35 extend only to procedural omissions and defects. The statute states, in pertinent part:

All instruments of conveyance of real property made by any municipal corporation prior to January 1, 1992 are notwithstanding any **omission, irregularities, defects in the proceedings and resolutions** had and taken by said municipal corporation to sell and convey the same; hereby validated, legalized, and cured....

SDCL 9–27–35 (emphasis added). Curative or validating statutes cannot be applied to illegal contracts. The legislature cannot seek to cure or validate that which it cannot originally authorize. *Otter Tail Power Co. v. City of Colman*, 80 S.D. 218, 121 N.W.2d 483, 485–86 (1963); *Cook v. Hannah*, 230 Iowa 249, 297 N.W. 262, 267 (1941); *Chemical Bank & Trust Co. v. Oakland County*, 264 Mich. 673, 251 N.W. 395, 398 (1933). Therefore, Himrich and Baldwin would not have been successful even if SDCL 9–27–35 had been properly raised as an affirmative defense.

## III. Statute of Limitations Defenses Not Applicable

[¶ 17.] Himrich and Baldwin allege that SDCL 6–1–4 would have offered protection from possible liability had it been asserted. However, the statute of limitations defense under SDCL 6–1–4 is limited and will not apply "where any fraud or deceit was used in securing or performing such con-

tract." SDCL 6–1–4. Himrich and Baldwin's unlawful actions have clearly been ruled deceitful and improper. Baldwin's conduct in assuming the duties of Custer City Attorney while purposefully neglecting being sworn in as such, is manifest evidence of deceitful intent. "These dealings cannot be condoned by this court." *Speckels,* 512 N.W.2d at 176. It is evident that Himrich and Baldwin were fully aware of the direct conflict present in the contract between Homes, Inc., and City, yet persisted in carrying out these illegal acts. "We scrutinize these facts with great care and condemn those actions which indicate corruption or favoritism in public office." *Id.* at 175. The application of SDCL 6–1–4 is thus precluded by the underlying deceit, fraud and illegal acts perpetrated by Himrich and Baldwin.

■ [¶ 18.] SDCL 15–2–8(4) is offered as another possible statute of limitations defense. However, no evidence was presented to indicate that this statute would have applied in the underlying action. Further, it is disputable whether the application of SDCL 15–2–8(4) would have yielded a different result had it been pled. Himrich and Baldwin have not met their burden of proving this point. When challenging a summary judgment, the nonmoving party "must substantiate his allegations with 'sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County,* 23 F.3d 1410, 1412 (8th Cir. 1994) (citing *Gregory v. Rogers,* 974 F.2d 1006, 1010 (8th Cir.1992)). Therefore, Himrich and Baldwin's reliance on SDCL 15–2–8(4) is not effective to protect them from liability.

## IV. Failure to Assert Cross–Claims Not Material to Outcome of Case

■ [¶ 19.] Himrich and Baldwin assert that Carpenter should have filed cross-claims regarding title and ownership of the nursing home property, separate and distinct from those filed by City. Further, they argue that the equitable doctrine of unjust enrichment would have offered protection had it been asserted in the original answer. This Court refuses to find that such cross-claims would

have been beneficial to Himrich and Baldwin's case in any manner. *Speckels,* 512 N.W.2d at 176.

[¶ 20.] A cross-claim demanding that title to the nursing home property be retained by Baldwin and Himrich would not have been successful. Under SDCL 6–1–1, the lease-purchase contract was prohibited as improper and illegal and was thus null and void from the beginning. *Speckels,* 512 N.W.2d at 175. Nevertheless, the avoidance of this contract does not transfer legal title in the property back to Baldwin and Himrich because the transfer of title from Custer Manor to Homes, Inc., was in violation of South Dakota law. As noted by this Court in *Speckels,* "SDCL 47–26–30 does not permit a nonprofit organization to dispose of its assets to a corporation organized for profit." *Id.* at 176.

■ [¶ 21.] The doctrine of unjust enrichment safeguards against the enrichment of one party at the expense of another party. *A.G. Edwards & Sons v. Northwest Realty Co.,* 340 N.W.2d 187, 189 (S.D.1983). To prevent unjust enrichment, courts have assumed the duty placing the obligation where in equity it belongs. *Sheehan v. Morris Irrigation, Inc.,* 460 N.W.2d 413 (S.D. 1990); *Dean v. Michigan Dept. of Natural Resources,* 399 Mich. 84, 247 N.W.2d 876 (1976). "When parties seek equity in the court, they must do equity, which includes entering the court with clean hands. A [party] who does not come into equity with clean hands is not entitled to any relief herein, but should be left in the position in which the court finds him." *Shedd v. Lamb,* 553 N.W.2d 241, 245 (S.D.1996) (quoting *Kane v. Schnitzler,* 376 N.W.2d 337, 339 (S.D.1985)).

■ [¶ 22.] In this case, Himrich and Baldwin are not entitled to seek the equitable defense of unjust enrichment. The maxim that "he who comes into equity must come with clean hands," is most often ·utilized "where granting affirmative equitable relief would run contrary to public policy or lend the court's aid to fraudulent, illegal or unconscionable conduct." *Myers v. Smith,* 208 N.W.2d 919, 921 (Iowa 1973). Himrich and Baldwin engaged in a purposeful violation of

their fiduciary duties as public officers when they entered into a contract with City for personal gain. We refuse to condone such conduct and deny equitable relief for those who choose to engage in it. Therefore, this cross-claim would have failed in the underlying action.

[¶ 23.] The trial court did not err in granting Carpenter's motion for summary judgment.

[¶ 24.] Affirmed.

[¶ 25.] SABERS and GILBERTSON, JJ., concur.

[¶ 26.] AMUNDSON, J., and MARTIN, Circuit Judge, concur in part and dissent in part.

[¶ 27.] KEAN, Circuit Judge, for MILLER, C.J., disqualified.

[¶ 28.] MARTIN, Circuit Judge, for KONENKAMP, J., disqualified.

MARTIN, Circuit Judge (dissenting in part).

[¶ 29.] I would reverse the trial court's granting of a summary judgment regarding the alleged negligence of defendants to preserve on appeal the statute of limitations defense found at SDCL 6-1-4.

[¶ 30.] **The null and void agreement provided in SDCL 6-1-1 is subject to a statute of limitations.**

[¶ 31.] Under SDCL 6-1-1, it is unlawful for a city officer to have a personal interest in a contract wherein the city purchases real estate. If such a contract is entered into it shall be null and void from the beginning.

[¶ 32.] SDCL 6-1-4 provides:

Any civil action to recover the amounts paid by a county, municipality, township or school district *under any of the conditions of 6-1-1 to 6-1-3,* inclusive, *must notwithstanding any other law or statute of limitation,* be commenced *within six months* from the date of publication of the minutes recording the approval of the voucher and payment thereof or *within six months* from the filing of any audit report covering the expenditure therefor, whichever of the two events occurs the later; but, this limi-

tation for commencement of civil actions shall not apply where any fraud or deceit was used in securing or performing such contract.

[¶ 33.] In *Speckels v. Baldwin,* 512 N.W.2d 171 (S.D.1994) this Court held that a lease-purchase agreement between the City of Custer and Homes, Inc., which included the Custer City Attorney, Gerald Baldwin, as one of the principles, was null and void as violative of public policy under SDCL 6-1-1. The six month statute of limitations contained in SDCL 6-1-4 applies "under any of the conditions of 6-1-1," therefore the statute of limitations would apply to a null and void contract. The underlying case was not commenced for almost twenty years.

[¶ 34.] **Failure to file notice of review was negligence.**

[¶ 35.] A defense to the underlying case was not preserved when the defendants failed to file a notice of review on appeal, pursuant to SDCL 15-26A-22. SDCL 6-1-4 provided a defense to dismiss the underlying case had it been preserved. On July 13, 1992 Carpenter wrote to Baldwin and Himrich stating that it was his initial opinion that a notice of review on the statute of limitations issue should be filed pursuant to SDCL 15-26A-22. In said letter Carpenter also asked for the authorization to file said notice of review. By letter dated July 14, 1992 Baldwin authorized Carpenter to file the notice of review on the question of the statute of limitations. Defendants failed to do so. This was negligence as a matter of law. Whether this negligence proximately caused damage to plaintiffs is the issue.

[¶ 36.] It is true that plaintiffs, in order to *win* the malpractice lawsuit, must prove the following: (1) the existence of a duty arising from attorney-client relationship; (2) breach of duty by attorney; (3) breach of duty proximately causing damage; and (4) client sustained damage. *Haberer v. Rice,* 511 N.W.2d 279 (S.D.1994). However, I disagree with the majority when stating that plaintiffs must *prove* this to overturn a summary judgment against them, or that plaintiffs must produce evidence that but for the negligence of their attorney their defense against a claim in the underlying action

*would have been successful.* At this juncture plaintiffs do not have to prove anything. Plaintiffs burden to resist a motion for summary judgment is to show the existence of a genuine issue of material fact. In a summary judgment, the burden of proof is on the moving party. The evidence must be viewed most favorably to the non-moving party and reasonable doubts should be resolved against the moving party. Summary judgment is appropriate to dispose of legal, *not factual questions. Trapp v. Madera Pac., Inc.* 390 N.W.2d 558 (S.D.1986) For the purposes of this motion, I feel there are genuine issues of material fact regarding the existence of fraud or deceit which would determine the validity of the six months statute of limitations pursuant to SDCL 6–1–4. The plaintiffs should have the opportunity to prove their alleged legal malpractice claim.

**[¶ 37.] The actions of plaintiffs in underlying lawsuit do not constitute fraud or deceit as a matter of law.**

[¶ 38.] The majority feels that the statute of limitations defense is not applicable because the actions of plaintiffs have been ruled deceitful in the underlying lawsuit. They feel this as a matter of law. I do not agree. SDCL 6–1–4 does provide that the six month statute of limitations will not apply where any fraud or deceit was used in securing or performing such contract. However, there has been no finding or determination that plaintiffs committed any fraud or deceit. This Court in *Speckels* determined that:

> This [transaction] constituted a *conflict of interest,* and Baldwin knew it. The City of Custer knew it. However, both attempted to side-step the conflict by appointing and retaining Baldwin, yet skipping the administering of his oath of office as required by SDCL 9–14–6. We scrutinize these facts with great care and condemn those actions which indicate *corruption or favoritism* in a public office.... In light of these proceedings, the City of Custer's deliberate failure to administer the oath of office to Baldwin gives credence to such an indication.

*Speckels,* 512 N.W.2d at 175.

[¶ 39.] Further in *Speckels* this Court stated

It is a violation of the fiduciary duty of a local government officer to use his position in any way for private gain. We will not permit a *conflict of interest* to be disregarded merely because Baldwin bypassed his oath of office.

These dealings cannot be condoned by this Court. Here, the citizens of Custer, through its city officials, gave land to a non-profit corporation to construct a nursing home. SDCL 47–26–30 does not permit a non-profit organization to dispose of its assets to a corporation organized for profit. By maneuvering within the confines of municipal government, the land all became the property of an entity existing for profit, a corporation co-owned by city attorney Gerald Baldwin and city planning commissioner Edward Himrich.

Even if the contract, under a public policy argument advanced by Baldwin and Himrich, were advantageous to the City, such a thesis is of no consequence. The wrong lies in the creation of a situation tending to weaken public confidence in the integrity of the public service, and to undermine the sense of security of individual rights, which the citizen and property owner must feel assured will always exist in the exercise of public authority. Rather, this Court has taken the position that the *conflict of interest,* reflected by this scenario, is inherently bad for the people of this state. (citations omitted).

*Speckels,* 512 N.W.2d at 176.

[¶ 40.] The majority feels that the actions of plaintiffs in the underlying lawsuit, as a matter of law, constitute fraud or deceit. In making this determination we must examine our statutes and cases thereunder. Liability for deceit is found at SDCL Chapter 20–10. SDCL 20–10–1 provides: "One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." The acts constituting deceit are found at SDCL 20–10–2:

> A deceit within the meaning of 20–10–1 is either: (1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) The assertion, as

a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; (3) The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or (4) A promise made without any intention of performing.

[¶ 41.] An action for deceit requires proof that the misrepresentations were material to the formation of the contract and that the party relied on the misrepresentations to his detriment. *Ducheneaux v. Miller,* 488 N.W.2d 902 (S.D.1992). *Also see Taggart v. Ford Motor Credit Co.,* 462 N.W.2d 493 (S.D. 1990).

[¶ 42.] I find no evidence of misrepresentation or concealment by plaintiffs in securing or performing the contract, thus no fraud or deceit. The parties involved knew exactly what was happening and *mutually agreed* to the same, as this Court has found. We have both parties to the contract, knowing it violates SDCL 6–1–1, securing and performing the contract! Their actions may have been reprehensible, a conflict of interest, a violation of public policy, resulting in a null and void contract, under SDCL 6–1–1, but their actions were not fraudulent or deceitful. Simply put, how could there be fraud or deceit in a collusion?

[¶ 43.] Further, statute of limitations questions are normally for the jury. *Keegan v. First Bank of Sioux Falls,* 519 N.W.2d 607, 611 (S.D.1994). A summary judgment is proper on the issue of statute of limitations only when *application* of the law is in question. A summary judgment is therefore improper where there is a dispute of material fact which would affect the application of the statute of limitations. *Keegan, supra.* Although I do not feel any of the actions of plaintiffs in the underlying lawsuit constitute fraud or deceit, at the very least their actions are factual issues for a jury to decide. *Moss v. Guttormson,* 551 N.W.2d 14, 17 (S.D.1996); *Piner v. Jensen,* 519 N.W.2d 337, 339 (S.D. 1994).

[¶ 44.] I would reverse the granting of the summary judgment on this basis and remand this case back to the trial court for further proceedings.

[¶ 45.] AMUNDSON, J., joins this writing and I am authorized to so state.