**Russell LOVELESS, Appellant**

v.

**POCONO FOREST SPORTSMAN CLUB, INC., Paula Burnett, Maureen Cook, Marion Crossley, Keith McMaster, Don Stevens, Jr. and Adam Beers.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 20, 2009.

Decided April 7, 2009.

Nicholas E. Fick, Scranton, for appellant.

Holly B. Conway, Stroudsburg, for appellee, Pocono Forest Sportsman Club, Inc.

Timothy B. Fisher, II, Gouldsboro, for appellees, Paula Burnett, Maureen Cook,

Marion Crossley, Keith McMaster and Adam Beers.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Russell Loveless (Plaintiff) appeals from the May 5, 2008, order of the Court of Common Pleas of Monroe County (trial court) granting summary judgment to Pocono Forest Sportsman Club, Inc. (PFSC), Paula Burnett, Maureen Cook, Marion Crossley, Keith McMaster and Adam Beers.[1] We affirm.

This matter involves a subdivision in Monroe County, Pennsylvania, known as Pocono Forest Developments. The lots located within the subdivision are subject to certain covenants and restrictions that run with the land and appear in the chain of title. (S.R.R. at 323b.) Among those is a requirement that all users of the property must be pre-approved for membership in PFSC and continue as a member in good standing by paying dues and other obligations.

PFSC is a Pennsylvania nonprofit corporation. As reflected in its articles of incorporation, PFSC's purpose is "to provide for its members vacation facilities in the Pocono Mountains; develop a social life among its members, their mental and physical improvement and enjoyment and to promote wholesome sports." (R.R. at 12a.) Plaintiff purchased property in Pocono Forest Developments in 1991 and became a member of PFSC. The above-named individual appellees are former and/or present members of PFSC's board of directors.

On June 15, 2006, Plaintiff filed an Amended Petition for Review of Corporate Action, which, in relevant part, alleged as follows: 1) PFSC never received title to any real estate;[2] 2) PFSC and/or the individual defendants regularly held meetings and conducted business without a quorum; 3) PFSC and/or the individual defendants improperly used mail-in ballots in violation of PFSC's by-laws; and 4) the individual defendants engaged in self-dealing that promoted personal interests against the best interests of the corporation. (R.R. at 1a–10a.) Plaintiff asserted that the conduct of PFSC and the individual defendants violated various sections of the Nonprofit Corporation Law of 1988(Law), 15 Pa.C.S. §§ 5101–6162. Pursuant to sections 5981(1) and (2) of the Law, 15 Pa.C.S. §§ 5981(1) and (2), Plaintiff sought the involuntary dissolution of PFSC,[3] the re-

---

1. Unlike the other individual defendants, Don Stevens, Jr., was not represented by counsel during these proceedings and did not join in PFSC's motion for summary judgment. (S.R.R. at 320b–21b.)

2. The warranty deed recorded on October 19, 1972, reflects that the developer, Pocono Forest Developments, Inc., conveyed all of the roads and road-rights-of-ways within the area at issue to Pocono Forest Sportsman Clubs, Inc. (R.R. at 16a.) Based on the addition of the letter "s" Plaintiff asserts that PFSC does not have legal title to the common areas of the development. However, Plaintiff offered no evidence to suggest that this discrepancy was anything other than a scrivener's error.

3. In its entirety, section 5981 of the Law states as follows:

> The court may, upon petition filed by a member or director of a nonprofit corporation, entertain proceedings for the involuntary winding up and dissolution of the corporation, when any of the following are made to appear:
>
> (1) That the objects of the corporation have wholly failed; or are entirely abandoned, or that their accomplishment is impracticable.
>
> (2) That the acts of the directors, or those in control of the corporation, are illegal, oppressive, or fraudulent, and that it is ben-

moval of its officers[4] and the appointment of a custodian.

The case proceeded to discovery, and each of the individual defendants testified by way of deposition. After lengthy discovery was completed, PFSC filed a motion for summary judgment, and all of the individual defendants except Mr. Stevens joined in that motion. The trial court heard argument on January 2, 2008. By order dated May 5, 2008, the trial court granted the motion for summary judgment, dismissed Plaintiff's petition and ordered that PFSC shall, at all times in the future, conduct and transact business, including but not limited to elections and meetings, in accordance with its governing documents and all applicable laws. Plaintiff now appeals to this court.

Initially, we note that summary judgment is properly granted where there is no genuine issue of material fact as to a necessary element of a cause of action and the moving party has established entitlement to judgment as a matter of law. *Wenger v. West Pennsboro Township*, 868 A.2d 638 (Pa.Cmwlth.), *appeal denied*, 586 Pa. 732, 890 A.2d 1062 (2005). As with all summary judgment cases, we must view the record in the light most favorable to the opposing party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.* In order to withstand a motion for summary judgment, a non-moving party must produce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor.[5] *Id.* The failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Plaintiff asserts that the pleadings and depositions are sufficient to demonstrate that the purposes of PFSC have wholly failed or have been entirely abandoned and that the board of directors committed illegal, oppressive and/or fraudulent acts so that the involuntary dissolution of PFSC is warranted pursuant to sections 5981(1) and (2) of the Law. We disagree.

Involuntary dissolution of a solvent corporation is a drastic measure that should be employed cautiously and only in extreme circumstances. *Gee v. Blue Stone Heights Hunting Club, Inc.*, 145 Pa. Cmwlth. 658, 604 A.2d 1141 (1992). Viewing the record in the light most favorable to Plaintiff, we conclude that the evidence falls short of demonstrating the extreme circumstances that must be established in order to dissolve a corporation under section 5981 of the Law.

---

eficial to the interests of the members that the corporation be wound up and dissolved.

(3) That the corporate assets are being misapplied or wasted, and that it is beneficial to the interest of the members that the corporation be wound up and dissolved.

(4) That the directors or other body are deadlocked in the management of the corporate affairs and the members are unable to break the deadlock, and that irreparable injury to the corporation is being suffered or is threatened by reason thereof.

15 Pa.C.S. § 5981.

4. Section 5726(c) of the Law provides that the court may remove a director from office "in case of fraudulent or dishonest acts, or gross abuse of authority or discretion with respect to the corporation, or for any other proper cause...." 15 Pa.C.S. § 5726(c).

5. In pertinent part, Pa. R.C.P. No. 1035.2 provides that any party may move for summary judgment as a matter of law if, after the completion of discovery, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense, which, in a jury trial, would require the issues to be submitted to a jury.

■ With respect to his allegation that the corporation's purpose has been abandoned, Plaintiff cites his testimony that PFSC has not held a sporting event during the nineteen years that he has been there. However, the broad language of PFSC's articles of incorporation reflects that the general purpose of the corporation is to provide vacation facilities and a social life for its members. We conclude that Plaintiff's statement is not sufficient evidence to establish that this purpose has wholly failed or has been abandoned.

■ With respect to the conduct of the board, Plaintiff alleges that holding meetings without a quorum, self-dealing by officers and using mail-in ballots constitutes fraud and/or illegal conduct. However, after careful review of the witnesses' testimony, we agree with the trial court that the record does not indicate any conduct that rises to the level of fraud or dishonesty.

For example, witnesses' testimony reflects that PFSC had approximately 170 members during the relevant period, but only twenty-five to thirty-five members attended PFSC's annual membership meetings, short of the number of members necessary to constitute a quorum.[6] However, none of the witnesses testified that the board took any action of substance at these meetings. And, to the extent that any business was conducted, the record does not indicate that any action that occurred remotely resembles fraud or dishonest behavior.

Plaintiff's charge that the board members engaged in self-dealing rests on his contention that, on a number of occasions, the board paid board members to perform snow removal and other maintenance work without first soliciting bids. However, the testimony of record contains absolutely no evidence of actual impropriety in this regard; there is no suggestion that the individuals who performed the work received excessive fees, and there is no indication that such conduct satisfies the statutory

---

6. Section 5756 of the Law provides as follows:

(a) GENERAL RULE.—A meeting of members of a nonprofit corporation duly called shall not be organized for the transaction of business unless a quorum is present. Unless otherwise provided in a bylaw adopted by the members:

(1) The presence of members entitled to cast at least a majority of the votes which all members are entitled to cast on the matters to be acted upon at the meeting shall constitute a quorum.

(2) The members present at a duly organized meeting can continue to do business until adjournment, notwithstanding the withdrawal of enough members to leave less than a quorum.

(3) If a meeting cannot be organized because a quorum has not attended, those present may, except as otherwise provided in this article, adjourn the meeting to such time and place as they may determine.

(b) EXCEPTIONS.—Notwithstanding any contrary provision in the articles or bylaws:

(1) In the case of any meeting called for the election of directors those who attend the second of such adjourned meetings, although less than a quorum as fixed in this section, or in the articles or bylaws, shall nevertheless constitute a quorum for the purpose of election of directors.

(1) In the case of any meeting called for any other purpose those who attend the second of such adjourned meetings, although less than a quorum as fixed in this section, or in the articles or bylaws, shall nevertheless constitute a quorum for the purpose of acting upon any resolution or other matter set forth in the notice of the meeting, if written notice of such second adjourned meeting, stating that those members who attend shall constitute a quorum for the purpose of acting upon such resolution or other matter, is given to each member of record entitled to vote at such second adjourned meeting at least ten days prior to the day named for the second adjourned meeting. 15 Pa.C.S. § 5756.

criteria for dissolving a corporation or removing its officers.

Finally, we address Plaintiff's complaint that PFSC and/or the board violated the Law and/or PFSC's by-laws by using mail-in ballots. Although the record reflects that the board did attempt to amend the by-laws and the restrictive covenants and conditions in this manner, importantly, no such action was taken. Moreover, the record testimony, as well as extensive discussion between the parties and the trial court, (S.R.R. at 338b), reflects that the attempts to conduct business through the use of mail-in ballots were undertaken only after consultation with, and upon the advice of, an attorney who had provided services to PFSC for some time. Again, we conclude that the facts alleged do not rise to the level necessary to satisfy the statutory criteria for dissolving the corporation or removing its officers.

Plaintiff argues that summary judgment was improperly granted because a number of issues of material fact remain. However, the record reveals that there is little, if any, dispute as to the relevant facts in this case, and only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Department of Auditor General v. State Employees' Retirement System,* 860 A.2d 206 (Pa.Cmwlth.2004). We agree with the trial court's conclusion that, while there is evidence that the bylaws were not strictly followed, the evidence fails to demonstrate that the purpose of PFSC has been abandoned or has failed, 15 Pa.C.S. § 5981(1), that dissolution of PFSC would be beneficial to the interest of its members, 15 Pa.C.S. § 5981(2), or that any conduct of the individual board members can be characterized as fraudulent or illegal activity. Thus, we agree that Plaintiff cannot establish that the drastic remedy of dissolution or the removal of PFSC's board of directors is warranted in this case.

Accordingly, we affirm.

### ORDER

AND NOW, this 7th day of April, 2009, the order of the Court of Common Pleas of Monroe County, dated May 5, 2008, is hereby affirmed.