# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A Pocono Country Place Property : 
Owners Association, Inc. and Phyllis : 
Haase, Margaret Cooney, Harry : 
Williams, Carollee Kidd, Lisa Butler, : 
Gail Foster, Beth Raiola and Bonnie : 
Duffy each in his/her capacity as a : 
Director, : No. 904 C.D. 2017
                        Appellants : Argued: April 10, 2018
: 
          v. : 
: 
Zbigniew J. Kowalski a/k/a : 
Joe Kowalski : 


BEFORE:   HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION BY**
**SENIOR JUDGE COLINS**                       **FILED:  May 7, 2018**

        This matter is an appeal from an order of the Monroe County Court of Common Pleas (trial court) denying a petition filed by appellants A Pocono Country Place Property Owners Association, Inc. (Property Owners Association) and eight members of its board of directors (collectively, Plaintiffs) to remove Zbigniew J. Kowalski (Kowalski) as a director of Property Owners Association and bar him from serving as a director in the future. The sole issue presented in this appeal is whether a director's boorish and insulting behavior toward other members of the board of directors constitutes sufficient grounds for judicial removal of a director under Section 5726(c) of the Nonprofit Corporation Law of 1988 (Nonprofit Corporation Law), 15 Pa. C.S. § 5726(c). We conclude that such conduct, while deplorable, does

not constitute grounds for court intervention in the governance of a nonprofit corporation, and therefore affirm.

A Pocono Country Place is a planned community of approximately 4,500 single-family residences in Coolbaugh Township, Monroe County, Pennsylvania. (Trial Court Decision, Finding of Fact (F.F.) ¶1; Property Owners Association's Bylaws (Bylaws) Art. III, § 11, Reproduced Record (R.R.) at 35; Hearing Transcript (H.T.) at 8-9, R.R. at 106-107.) Property Owners Association is a Pennsylvania nonprofit corporation organized for the purpose of managing A Pocono Country Place and maintaining its common facilities. (Trial Court Decision, F.F. ¶1; Bylaws Art. I, § 1, Art. II, R.R. at 35.) The members of Property Owners Association are the owners of properties in A Pocono Country Place. (Bylaws Art. IV, § 1, R.R. at 36.) Property Owners Association's board of directors (the Board) consists of nine directors who are elected by the membership to three-year terms. (Trial Court Decision, F.F. ¶2; Bylaws Art. V, § 1, Art. VI, § 5, R.R. at 37, 40.) The Board annually elects four of the directors as President, Vice President, Secretary, and Treasurer. (Bylaws Art. VII, §§ 1-2, R.R. at 41-42.)

Property Owners Association's Bylaws contain the following provisions concerning the removal of directors:

Section 7 - Removal of Directors

A. Directors may be removed from office individually or as an entire Board only in the ways permitted in the Pennsylvania Nonprofit Corporation Law 5726 [15 Pa. C.S. § 5726] and in compliance with the decisions of Pennsylvania's Courts.

B. Members of the Board of Directors of this Association serve at the pleasure of the membership and may be removed from office by a two-thirds (2/3) majority vote at a Special Meeting of the members called for that express purpose and at which a quorum is present either in person or by proxy. The Board shall

2

fill the newly vacant seat(s) in accordance with the terms of these Bylaws but may not reappoint to the vacancy any Director who at anytime had been removed from office by the membership.

C. The Board of Directors shall declare vacant the office of a Director if he/she is declared of unsound mind by an order of the court, is convicted of a felony while in office, fails to accept office, or by failure to attend in person three (3) consecutive regular meetings of the Board of Directors or six (6) in a twelve (12) month period.

D. If the recall process does not result in the Director's removal, no further recall petition may be filed against the same Director for that same incident.

(Bylaws Art. VI, § 7, R.R. at 41.)  Property Owners Association has adopted a board member code of conduct (Board Code of Conduct), which provides, *inter alia*, that "Board Members shall exhibit honesty, civility and professionalism at all times and shall refrain from abusive conduct, personal charges and/or verbal attacks on the character or motives of [Property Owners Association] members, management, administration, staff, Directors, chairs and the public."  (Board Code of Conduct § 4, R.R. at 49.)

Kowalski owns two properties in A Pocono Country Place that he rents out.  (H.T. at 8, 200, R.R. at 106, 298.)  Kowalski was elected as a director of Property Owners Association on June 25, 2016, in an election in which the number of candidates did not exceed the number of vacancies on the Board.  (Trial Court Decision, F.F. ¶3; Application to Remove Director ¶20, R.R. at 12; Answer to Application ¶20, R.R. at 69.)  Kowalski also signed the Board Code of Conduct on that date. (Trial Court Decision, F.F. ¶7; Board Code of Conduct, R.R. at 51.)

Seven of the other eight directors of Property Owners Association in 2016 were women.  (Trial Court Decision, F.F. ¶2.)  Between July 17, 2016 and September 29, 2016, Kowalski directed multiple insulting remarks at these Board

3

members. (*Id.*, F.F. ¶¶11, 16-17, 19-22, 24.) These included: emails that characterized specific female directors as "the most dangerous person of the 9 Directors," "cunning and conniving," "vindictive and spiteful," and "incoherent"; emails referring to a female director as having "a nervous breakdown" or "a meltdown"; telling a female director at a Board meeting that "maybe I'd let you cook for me"; and suggesting in emails that a female director's dinner order for a Board meeting be changed because it was too fattening. (*Id.*, F.F. ¶¶11, 16, 19, 21-22, 24.) In this time period, Kowalski also made statements in emails to the other directors that there were too many women on the Board and characterized other directors' actions as based on the fact that they were female. (*Id.*, F.F. ¶¶12, 15, 19, 23.) In addition, Kowalski, in an email in October 2016, characterized the non-director members who serve on Property Owners Association's committees as alcoholics who were motivated to volunteer by the providing of free alcohol at Property Owners Association's volunteers' dinner. (*Id.*, F.F. ¶29.) In September and October 2016, the Board censured Kowalski three times for sending these insulting emails to the other directors and for copying the Community Manager, a Property Owners Association employee, on some of the insulting emails. (*Id.*, F.F. ¶¶18, 27, 30; 9/14/16 Censure Resolution, R.R. at 52-57; 10/15/16 Censure Resolution, R.R. at 60-63; 10/27/16 Censure Resolution, R.R. at 64-65.)

On October 5, 2016, counsel for Property Owners Association advised the Board that Kowalski's emails "could arguably be viewed as creating a discriminatorily hostile environment based on gender, such that it could expose the Association to legal liability under the Pennsylvania Human Relations Act." (Trial Court Decision, F.F. ¶25; 10/5/16 Grimaldi Letter, R.R. at 58-59.) Following this advice, the Board in its second, October 15, 2016, censure resolution required

4

Kowalski to attend a sensitivity training program provided by the Board at the Board's expense within 30 days. (Trial Court Decision, F.F. ¶27; 10/15/16 Censure Resolution, R.R. at 63.) Kowalski complied and attended a sensitivity training on November 14, 2016. (Trial Court Decision, F.F. ¶28; H.T. at 69, R.R. at 167.)

After the sensitivity training, Kowalski sent insulting emails to the other directors in November and December 2016. (Trial Court Decision, F.F. ¶¶32-40.) These emails compared the other directors to Nazis; called the other male director "arrogant and abusive"; accused one of the female directors and the other male director of "[p]athological [l]ying"; called two female directors "control freaks" and "poster children for … dysfunctional behavior"; referred to the other directors as "sociopathic in nature"; and called a female director "uneducated" and a "hypocrite" and stated "[y]ou never even showed us a copy of your GED." (*Id.*, F.F. ¶¶33-35, 37-38, 40.) In addition, Kowalski sent emails calling the female Board president "domineering" and "the type of personality that is typical of someone who lacks formal training and someone who has never learned proper protocol," and stating that she "desperately need[s] to sign up for a[n] ethics course at the local community college," that she has "poor communication skills" and that she should use "grammar checks" on her emails. (*Id.*, F.F. ¶¶36, 39.) Kowalski copied the Community Manager on many of the insulting emails both before and after the sensitivity training. (H.T. at 37, 75-77, 79-83, 87-90, R.R. at 135, 173-175, 177-181, 185-188.)

Kowalski attended only 60% of the Board's meetings, generally did not make motions in the meetings that he attended, and missed Board workshops. (Trial Court Decision, F.F. ¶41.) He did not, however, miss three consecutive Board

5

meetings or six Board meetings in a 12-month period. (H.T. at 124-25, R.R. at 222-23.)

On January 17, 2017, the Board suspended Kowalski and Plaintiffs filed a petition to remove him as a director and bar him from serving as a director under Section 5726(c) of the Nonprofit Corporation Law. The trial court held a hearing on the petition on May 19, 2017, at which Kowalski, several of plaintiff Board members, and other witnesses testified. The Bylaws and Board Code of Conduct, emails sent by Kowalski, and other documents were also introduced in evidence at the hearing. None of the Kowalski comments introduced in evidence at the hearing, either before or after the November 14, 2016 sensitivity training, were sexual in nature (as opposed to offensive and sexist), and none of the comments contained threatening language. No claim was made or evidence introduced that Kowalski committed any physical assault, violent conduct, illegal or dishonest acts, or financial misconduct.

On June 9, 2017, the trial court issued an opinion and order denying Plaintiffs' petition. The trial court found that Kowalski sent emails and made comments to other directors that were "insulting, demeaning, and unprofessional" and that his behavior was "boorish" and not in keeping with the Board Code of Conduct. (Trial Court Decision, F.F. ¶32 and Discussion at 14.) The trial court found, however, that his behavior after the sensitivity training did not create a hostile environment that constituted gender discrimination. (*Id.*, Discussion at 14.) The trial court held that removal of a director under Section 5726(c) of the Nonprofit Corporation Law required proof of fraud, dishonesty, other financial misconduct or gross abuse of authority. (*Id.*, Discussion at 11-14.) The trial court concluded that Kowalski's behavior was insufficient to satisfy this standard and that court removal

of a director for incivility would penalize expression of opinion and interfere with the rights of Property Owners Association's members to elect directors. (*Id.*, Discussion at 14-15.) Plaintiffs timely appealed the trial court's decision to this Court.[1]

Section 5726 of the Nonprofit Corporation Law provides three methods by which directors of a nonprofit corporation may be removed. Under Section 5726(a), unless restricted by a bylaw, a director may be removed by a vote of the members for any reason or no reason at all. 15 Pa. C.S. § 5726(a). Under Section 5726(b), the board of directors may remove a director based on a judicial declaration of mental incompetence or a criminal conviction punishable by imprisonment for more than one year and may also remove a director "for any other proper cause," even if the bylaws do not expressly provide for such removal. 15 Pa. C.S. § 5726(b); *Northern Chester County Sportsmen's Club v. Muller*, 174 A.3d 701, 709 (Pa. Cmwlth. 2017); *Lutz v. Tanglewood Lakes Community Association, Inc.*, 866 A.2d 471, 474-75 (Pa. Cmwlth. 2005), *appeal discontinued*, (Pa., No. 73 MAP 2005, filed December 2, 2005). In addition, Section 5726(c) provides that "[u]pon application of any member or director, the court may remove from office any director <u>in case of fraudulent or dishonest acts, or gross abuse of authority or discretion with reference to the corporation, or for any other proper cause</u>, and may bar from office any

---

[1] This Court's review of the trial court's decision is limited to determining whether the trial court committed an error of law or abused its discretion and whether its findings of fact are supported by the evidence. *Northern Chester County Sportsmen's Club v. Muller*, 174 A.3d 701, 707 n.2 (Pa. Cmwlth. 2017). The interpretation of Section 5726 of the Nonprofit Corporation Law is a question of law, subject to *de novo*, plenary review. *Zampogna v. Law Enforcement Health Benefits, Inc.*, 151 A.3d 1003, 1011 (Pa. 2016).

7

director so removed for a period prescribed by the court." 15 Pa. C.S. § 5726(c) (emphasis added).[2]

The Board here did not vote to remove Kowalski pursuant to its power to remove a director under Section 5726(b), but instead sought a court order removing him and barring him from serving as a director in the future. Plaintiffs argue that his repeated insulting and demeaning behavior toward other directors in his interactions with them on Board business and his refusal to cease that behavior

---

[2] Section 5726(a)-(c) of the Nonprofit Corporation Law provide:
(a) Removal by the members.--
(1) Unless otherwise provided in a bylaw adopted by the members, the entire board of directors, or a class of the board where the board is classified with respect to the power to select directors, or any individual director of a nonprofit corporation may be removed from office without assigning any cause by the vote of members, or a class of members, entitled to elect directors, or the class of directors. In case the board or a class of the board or any one or more directors are so removed, new directors may be elected at the same meeting.
(2) An individual director shall not be removed, unless the entire board or class of the board is removed, from the board of a corporation in which members are entitled to vote cumulatively for the board or a class of the board if sufficient votes are cast against the resolution for removal of the director which, if cumulatively voted at an annual or other regular election of directors, would be sufficient to elect one or more directors to the board or to the class.
(b) Removal by the board.-- Unless otherwise provided in a bylaw adopted by the members, the board of directors may declare vacant the office of a director who has been judicially declared of unsound mind or who has been convicted of an offense punishable by imprisonment for a term of more than one year, or for any other proper cause which the bylaws may specify, or if, within 60 days, or other time as the bylaws may specify, after notice of selection, a director does not accept the office either in writing or by attending a meeting of the board of directors and fulfill the other requirements of qualification as the bylaws may specify.
(c) Removal by the court.-- Upon application of any member or director, the court may remove from office any director in case of fraudulent or dishonest acts, or gross abuse of authority or discretion with reference to the corporation, or for any other proper cause, and may bar from office any director so removed for a period prescribed by the court. The corporation shall be made a party to the action and, as a prerequisite to the maintenance of an action under this subsection, a member shall comply with Subchapter G [15 Pa. C.S. §§ 5791-5793] (relating to judicial supervision of corporate action).

15 Pa. C.S. § 5726(a)-(c).

constitutes "proper cause" under Section 5726(c) for court removal of a director. We do not agree.

The trial court findings and the evidence at the hearing establish that Kowalski repeatedly acted boorishly and uncivilly toward the other members of the Board and violated the Board Code of Conduct. Kowalski's descent into name-calling and insulting his fellow directors is unprofessional and deserving of criticism. Judicial intervention in the governance of a nonprofit corporation by ordering removal of a director, however, is a drastic remedy that cannot be granted for merely undesirable or offensive behavior of a director. *Loveless v. Pocono Forest Sportsman Club, Inc.*, 972 A.2d 572, 576 (Pa. Cmwlth. 2009) ("drastic remedy" of court removal of board of directors was properly denied despite "evidence that the bylaws were not strictly followed"); *In re Lord's New Church*, 817 A.2d 559, 561-63 (Pa. Cmwlth. 2003) (*en banc*) (affirming denial of petition to remove directors who "had employed some heavy-handed tactics" as insufficient "to justify ... imposing the drastic remedy of judicial supervision of the corporation's affairs") (quoting trial court opinion), *aff'd in relevant part and reversed on other issue*, 826 A.2d 863 (Pa. 2003).

Rather, "proper cause" for court removal of a director under Section 5726(c) has not been found without a showing that the director committed fraud, dishonesty, gross mismanagement, violation of the Nonprofit Corporation Law or other illegal or *ultra vires* conduct. *Loveless*, 972 A.2d at 576 (grounds for court removal of directors not shown where "the evidence fails to demonstrate … that any conduct of the individual board members can be characterized as fraudulent or illegal activity"); *In re Lord's New Church*, 817 A.2d at 561-63 (court removal of directors properly denied where trial court found that directors' "actions had not 'run afoul of

9

the Non-Profit Law'") (quoting trial court opinion); *see also Oakbrook Fire Co. No. 14 Relief Association v. Oakbrook Fire Co. No. 14*, (Pa. Cmwlth., No. 1121 C.D. 2013, filed January 8, 2014), slip op. at 17, 2014 WL 61319 at *5 (affirming dismissal of Section 5726(c) petition for removal where no breach of fiduciary duty under the Nonprofit Corporation Law or the corporation's bylaws or fraud, gross mismanagement or *ultra vires* conduct was shown).[3]  Contrary to Plaintiffs' assertions, limiting court removal to such extreme cases does not render the phrase "for any other proper cause" mere surplusage, as it encompasses misconduct beyond the grounds for removal enumerated in Section 5726(c) of "fraudulent or dishonest acts, or gross abuse of authority or discretion."

Petitioners argue that Kowalski's behavior constitutes proper cause for removal of a director under Section 5726(c) because use of abusive or harassing language to colleagues can constitute "just cause" for discharge of civil service employees.  *See, e.g.*, *Mufson v. Department of Public Welfare*, 456 A.2d 736, 737-38 (Pa. Cmwlth. 1983).  Sufficient cause for court removal of a director, however, is not analogous to cause for an employer's discharge of an employee.  Kowalski is a director of Property Owners Association, answerable to its members, not an employee of Property Owners Association or the Board.  An employer's right to discharge an employee does not involve the issues of interference with corporate governance and member rights that court removal of a director raises.  Moreover, the civil service cases hold only that the employer has the right to discharge the employee, not that a court has cause to act against the employee.

Plaintiffs also argue that court removal of Kowalski was necessary because his conduct constituted gender discrimination for which Property Owners

---

[3] Because *Oakbrook Fire Co. No. 14 Relief Association* is an unreported decision, it is not binding precedent, but is considered by the Court for its persuasive value.  210 Pa. Code § 69.414(a).

Association could be held liable. This argument fails for two reasons. First, the trial court held that the Board responded to the discrimination complaint by requiring Kowalski to attend sensitivity training and that Kowalski's subsequent conduct, while boorish, did not constitute gender discrimination. That conclusion is supported by the record. While Kowalski's uncivil and unprofessional behavior continued unabated, the post-sensitivity training emails that Plaintiffs introduced in evidence do not contain the gender-based language and references that he had used before November 2016 and he directed his abuse not only at female directors but also at the other male director. (Trial Court Decision, F.F. ¶¶33-40.)

Moreover, even if his gender-based or gender-directed insults had continued, that would not show that court intervention was required. If the Board was concerned that Kowalski's continuation as a director created an unacceptable liability risk, it could have acted to remove him under Section 5726(b), rather than seeking removal by the court. Proper cause for removal by a board of directors under Section 5726(b) is not limited to fraud, dishonesty, and criminal conduct. *See Northern Chester County Sportsmen's Club*, 174 A.3d at 709 (director's use of his position to act unilaterally for the corporation in violation of instructions from the board constituted proper cause for his suspension from the board).

While the phrase "for any other proper cause" is identical in Sections 5726(b) and (c), proper cause for board action against a director and proper cause for court removal of a director are not the same. Under Sections 5502 and 5721 of the Nonprofit Corporation Law, 15 Pa. C.S. §§ 5502, 5721, the board of directors is charged with the management of the corporation's affairs. *Northern Chester County Sportsmen's Club*, 174 A.3d at 708-10. In contrast, court removal of a director is a judicial intrusion in the management of the corporation's affairs. In addition, a

11

board's removal of a director does not interfere with rights of the members to the same degree as court action. If the members disapprove the board's action, they may obtain its reversal by voting out the board members and re-electing the director; members, however, have no such redress against a court action with which they disagree. Accordingly, absent proof of illegal conduct, fraud, dishonesty or extreme mismanagement of the corporation, it is for the corporation's board under Section 5726(b), not the courts, to determinate whether removal of a director is necessary for actions detrimental to the corporation or for violation of board rules, such as the Board Code of Conduct.[4]

Because Kowalski's boorish and unprofessional behavior does not constitute fraud, dishonesty, gross mismanagement, or illegal or *ultra vires* conduct, the trial court properly denied Plaintiffs' petition to remove him as a director. We therefore affirm the trial court's order.

_____
JAMES GARDNER COLINS, Senior Judge

---

[4] Because the Board did not vote to remove Kowalski, we need not and do not decide whether and at what point a director's verbal incivility toward other directors so interferes with the board's ability to function or harms the corporation's interests that the director can be removed by a vote of the board under Section 5726(b). Rather, we hold only that the type of conduct that can constitute proper cause for a board to remove a director is broader than that which can support removal of a director by a court and that court refusal to remove a director does not require the conclusion that the board of directors is powerless to act.

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A Pocono Country Place Property : 
Owners Association, Inc. and Phyllis : 
Haase, Margaret Cooney, Harry : 
Williams, Carollee Kidd, Lisa Butler, : 
Gail Foster, Beth Raiola and Bonnie : 
Duffy each in his/her capacity as a : 
Director, : No. 904 C.D. 2017
                  Appellants : 
                     : 
          v. : 
                     : 
Zbigniew J. Kowalski a/k/a : 
Joe Kowalski : 

# **O R D E R**

AND NOW, this 7th day of May, 2018, the order of June 9, 2017 of the Court of Common Pleas of Monroe County in the above-captioned case is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge